V. J. Stirman v. The State.

Although the law does not favor repeals by implication, yet a subsequent Statute revising the subject matter of a former one, and intended as a substitute for it, though it contains no express words to that effect, will operate a repeal of the former, to the extent to which its provisions are supplied or repealed.

The Act of January, 1840, (Hart. Dig., Art. 2348,) applies as well to implied as to express repeals.

Appeal from Henderson.    Tried below before Hon. R. A. Reeves.

The facts are stated in the Opinion.

*R. F. Dunn*, for appellant.

*Attorney General*, for appellee.

Hemphill, Ch. J.    The appellant filed his application on the 5th May, 1858, in the District Court of Henderson county, for a three hundred and twenty acre certificate of land as a settler in Mercer's Colony, and the evidence being heard the application was refused.

It will not be necessary to consider the facts as a preliminary question on the subject of the jurisdiction of the Court has been raised, which will dispose of the case.

It is urged in this Court, though not suggested below by the appellee, that the District Court has no jurisdiction to hear and determine such applications; that the power was vested in that Court by the Act of 30th August, 1856, but that Act having been repealed by the Act of December 17th, 1857, the

power fell with the repeal, and could extend to no new application, although for the greater security certificates already granted were not to be affected by the passage of the repealing Act.

But it may be said that the Act of December 17th, 1857, only repealed the Act of August 30th, 1856, leaving the Statutes of 1854, 1852, and 1850, in full force.

But to this may be replied that the Act of 1850 provides for the appointment of a Commissioner, and gives no authority to the District Court to hear the claims of colonists. That the Act of 1854 makes no reference to the District Court as the tribunal to issue the certificates; and if it did it may be regarded as a portion of the supplementary Act of February 16th, 1852, which was the first Act that conferred authority on the District Court to hear such claims. The fifth Section of this latter Act was repealed by the Act of 1854, and it will be found upon examination and comparison, that the whole subject matter of the Acts of 1852 and 1854 were revised by the Act of 1856; and that the latter Act was intended as a substitute for both of the former Acts. The first Section of each of these three Statutes is in effect an amendment of the 8th Section of the Act of 1850, and prescribes the facts to be offered by the applicant in proof. The second Section of the Acts of 1852 and of 1854, provides in substantially the same terms, that the District Court shall hear and determine and award or refuse certificates, &c. The third Section of both of these Acts declares in substance, that no petition shall be necessary, that the applicant may have his case docketed. The fourth Section of the Acts of 1852 and 1856 is substantially the same, in requiring certificates to be issued by the Clerk and countersigned by the Judge, the latter Statute ordering an annual instead of a monthly return, as required by the former, to the Commissioner of the General Land Office. In short, the Act of 1856 was a revision of the subsequent matter of, and intended to be a substitute for the Acts of 1852

and 1854. This is most manifest, and especially with regard to the jurisdiction, proceedings and judgment in the District Court; and the rule is well settled, that though the law does not favor repeals by implication, yet a subsequent Statute, revising the subject matter of a former one, and intended as a substitute for it, although it contains no express words to that effect, will operate a repeal of the former, to the extent to which its provisions are supplied or repealed. (1 Ashm. R. 179; 3 How. U. S. R. 636; 12 Mass. 537; 5 Pick. 168; State v. Horan, 11 Tex. R. 144.)

It is very clear on these rules of construction, that the Act of 1852, giving jurisdiction to the District Court, was repealed and superceded by the Act of 1856; and though the repeal of the Act of 1856 would, on the principles of the Common Law, revive the former Statute, yet this rule has been abolished by the provision of the Act of January, 1840, (Art. 2348,) to the effect that when one law, which shall have repealed another, shall itself be repealed, the former law shall not be revived without express words to that effect. The law makes no distinction between express and implied repeals, and it would not be convenient, nor are we authorised to give an effect to one different from that attached to the other. The repeal of the law of 1856 did not revive that of 1852, consequently the District Court had no jurisdiction to determine upon the claim.

The judgment refusing the application is reversed, and it is ordered that the case be dismissed from the District Court for want of jurisdiction.

Reversed and dismissed.