## Ex Parte, John Valasquez.

A Justice of the Peace has no jurisdiction to finally try and impose a penalty upon a party charged with the offence of selling spirituous liquors without having obtained license, but his jurisdiction is confined to examining and holding him to bail to answer to indictment or information to be preferred in the District Court.

The power of final trial in such cases was conferred upon Justices of the Peace, by the 5th and 6th sections of the act of February, 1856, (O. & W. Dig., arts. 1757, 1758,) but both these sections were superseded and repealed by articles 423 d., and 423 e., of the Penal Code. (O. & W. Dig., p. 509.)

TRIED before the Supreme Court sitting at Galveston.

On the 5th day of March, 1862, John Velasquez, the applicant, was tried before a Justice of the Peace of Harris county for selling spirituous liquors without having obtained license therefor; fined fifty dollars and adjudged to be committed to the jail of said county until the fine was paid. Writ issued to the Sheriff of Harris county by the Justice of the Peace in accordance with his judgment. Sheriff took applicant into his custody. To be released from this restraint he applied to the Supreme Court for his writ of *habeas corpus*, which was granted.

*Cone* and *Goldthwaite*, for applicant.

WHEELER, C. J. The question presented for our decision by

this application is, whether the Justice had jurisdiction finally to try the accused and impose the penalty annexed to the offence upon conviction, or jurisdiction only to examine and hold to bail, to answer to an indictment or information to be preferred in the District Court.

We are of opinion that the jurisdiction of the justice was the latter; that is, that of an examining court only, and that he had not the power to try and convict finally of the offence.

The power of final trial was conferred upon justices of the peace by the 5th section of the act of the 2d of February, 1856, (O. & W. Dig., art. 1,757, 1,758.) But we think it quite clear that both the 5th and 6th sections of that article were superseded and repealed by articles 423 d. and 423 e. of the amendments to the Penal Code adopted by the act of the 12th of February, 1858, (acts of 7th legislature, p. 167, 168.) The latter statute was evidently intended, to that extent, as a substitute for and to supersede the former, and, on general principles, must be held to operate a repeal. (Rogers v. Watrous, 8 Tex. R., 62; Cain v. The State, 20 Tex. R., 355.)

The intention of the legislature is further manifest beyond a question, by article 423 l of the amendatory act, in these words: "nor shall the provisions of this act affect any other sections, or parts of the act of the 2d of February, 1856, above recited, except the 5th and 6th sections of the same." Here the repeal of these sections of the act of the 2d of February, 1856, is implied as strongly as if expressed.

These sections which confer the jurisdiction upon the justice having been repealed, and jurisdiction of this offence not having been given by the Code, or any other statute that we are aware of, his power of final trial and conviction must be deemed to have ceased with the enactment of the repealing statute. His jurisdiction in criminal cases is such as is conferred by law. (Constitution, art. 4, sec. 17.) The law confers on him jurisdiction to examine and hold to bail; and to this his action in this case should have been confined. The accused must be proceeded against to final trial by indictment or information in the District Court.

The judgment of conviction by the justice must be set aside

and held to naught, and the accused discharged therefrom. And, the case having been submitted to the court by the consent of parties, upon the question only of jurisdiction in the justice of final trial, waiving inquiry and examination of the facts, it will be left with the Justice as an examining or committing court, or the grand jury to take such action as, upon investigation, the facts may be found to warrant.

Applicant discharged.