[No. 2909.]

F. AND M. HAROLD v. THE STATE.

1. CONSTRUCTION OF STATUTES—REPEAL.—Though a subsequent statute on a given subject be not repugnant in all its provisions to a prior one on the same subject, yet if it clearly appears that the later statute was intended to prescribe the only rules which should govern the subject, the effect of the later statute is to repeal the former.

2. SAME.—When a subsequent statute, revising the subject matter of a former one, is evidently intended as a substitute for it, although it contains no express words to such effect, it must be held to operate to repeal the former to the extent to which its provisions are revised and supplied.

3. SAME.—When a statute is revised, or one act is framed from another, some parts being omitted, the parts so omitted cannot be revived by construction, but are to be considered as annulled.

4. SAME.—It is true that a construction which repeals a former statute by implication is not favored, and it is equally true that statutes in *pari materia*, and relating to the same subject matter, are to be considered together; nevertheless it is a universal rule that when the new statute, in itself, comprehends the whole subject, and creates a new, entire and independent system respecting the subject matter, it repeals and supercedes all previous systems and laws respecting the same subject matter.

5. SAME—INFECTIOUS DISEASES AMONG ANIMALS—PROTECTION OF WOOL GROWERS.—Under the rules of construction announced, it is *held* that Article 694 of the Penal Code was repealed by the " Act for the protection of the wool growing interests of the State of Texas," passed April 4, 1883.

APPEAL from the County Court of Callahan. Tried below before the Hon. W. H. Cliett, County Judge.

The prosecution and conviction in this case were based upon an information charging the appellants with the violation of Article 694 of the Penal Code, in that they permitted a certain

herd of their sheep, affected with scab, to run at large, in charge of a herder, upon land not their own. The appellants were fined one cent and costs.

No brief for the appellants has reached the Reporters.

*J. H. Burts,* Assistant Attorney General, for the State.

HURT, JUDGE. This conviction was obtained under Article 694, Penal Code, which reads: "If any person owning or controlling sheep affected with the scab, or other infectious or contagious disease, shall permit such sheep to run at large or in charge of any one beyond the limits of his own land, he shall be fined not exceeding one thousand dollars." Is this Article in force? or, has it not been repealed by the "Act for the protection of the wool growing interests of the State of Texas," passed April 4, 1883?

We are of the opinion that, under the following well settled rules of construction of statutes, Article 694, Penal Code, is repealed in those counties of the State in which the subsequent act is made operative.

If a subsequent statute be not repugnant in all its provisions to a prior one, yet, if the later statute was clearly intended to prescribe the only rules which should govern, it repeals the prior one. So a subsequent statute revising the subject matter of the former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must operate to repeal the former, to the extent to which its provisions are revised and supplied. And when a statute is revised, or one act framed from another, some parts being omitted, the parts omitted are not revived by construction, but are to be considered as annulled.

While it is true that a construction which repeals former statutes by implication is not to be favored, and it is also true that statutes in *pari materia* and relating to the same subject are to be taken and considered together, still, when the new statute in itself comprehends the whole subject and creates a new, entire and independent system respecting the subject matter, it is universally held to repeal and supercede all previous systems and laws respecting the same subject matter. (*Stirman* v. *The State,* 21 Texas, 734; *Etter* v. *Missouri Pacific Railway Company,* Texas Law Review, vol. 2, No. 23.)

We are of the opinion that this last Article was intended to, and did, comprehend the entire subject matter, and creates a new, entire and independent system of laws relative to the protection of the wool growing interests of the State, and that it repeals Article 694 of the Penal Code in the counties in which said act is operative, the county of Callahan being one of said counties.

This being our view of the effect of the act of April, 4, 1883, it follows that this conviction is without support in law, and that the judgment must be reversed and the prosecution dismissed.

The judgment is reversed and the prosecution ordered to be dismissed.

*Reversed and dismissed.*

Opinion delivered May 10, 1884.