[No. 2321.]

FRANK STEBBINS *v.* THE STATE.

1. PLAYING CARDS IN A LIQOUR SALOON—CASE STATED.—In a trial for playing at a game with cards "in a house for retailing spirituous liquors," the proof showed that the cards were played in the rear room of a building of which the front room was a drinking saloon, between which and the rear room there was a partition in which there was a sliding window, through which the players in the rear room were sup-

plied with drinks from the saloon room when ordered by raps upon the intervening partition. *Held*, that this proof sufficed to show such a connection with the saloon as brought the rear room within the inhibition of the law, and therefore the conviction is sustained by the evidence.

2. REPEAL BY IMPLICATION.—A new statute which comprehends the entire subject matter of previous ones, and enacts a new and independent system respecting it, repeals and supersedes all prior systems and laws upon the same subject matter.

3. TERMS OF THE COUNTY COURTS.—By an act approved March 26, 1885, the Legislature validated the previous order of commissioners' courts regulating the terms of county courts. See the opinion *in extenso* for a review of the legislation on the subject.

APPEAL from the county court of Smith. Tried below before the Hon. John M. Duncan, county judge.

The facts are sufficiently stated in the opinion of the court. A fine of ten dollars was the penalty assessed against the appellant.

*Sid. Johnson*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. Appellant was convicted upon an indictment which charged him, in the language of the statute, with playing at a game with cards "at a house for retailing spirituous liquors." (Penal Code, Art. 355.) On this appeal it is contended that the evidence does not sustain the allegation. It is in proof that the front of the building was occupied as a drinking saloon which was separated from the back of the house by a partition, and this partition was used by the players in the back room as a means of communication with the saloon; that is, when drinks were wanted, the players knocked on the partition, and the bar keeper in the saloon brought the drinks to them, which drinks were handed in to the players through a sliding window, conveniently arranged doubtless for that purpose in this partition between the gaming room and the saloon.

Under former decisions the rule was that a house for retailing spirituous liquors included the whole house, from cellar to garret, regardless of approaches; but the rule as it now obtains is that, to bring the room in which the playing took place within the inhibition of the law, whilst it is not necessary to show that

it is the main business room, still it must be shown that it is auxiliary to or used in connection with the business of the principal room. (O'Brien v. The State, 10 Texas Ct. App., 544; Watson v. The State, 13 Texas Ct. App., 160.) This, we think, was amply done by the evidence in this case, and the objection urged to the sufficiency of the evidence is not well made.

A motion in arrest of judgment attacked the legality of the term of the county court at which the case was tried. It appears that on the twenty-eighth day of November, 1884, the county commissioners' court had by order fixed the times and terms of the county court for the transaction of civil, criminal and probate business—said order to take effect on and after January, 1885. By this order there were more than six terms of said court provided for, whilst the statute then in force only allowed such terms "not to exceed six terms annually." (Gen. Laws, special session Eighteenth Legislature, chapter 23, p. 26.) Again, by a provision of the last mentioned statute, it was expressly provided that, "when the commissioners' court shall have fixed the number of terms of the county court by an order entered of record, said court shall not change the number of terms of the county court for one year from the date of the entry of the original order fixing the terms of the county court." (Id., sec. 1.) On November 20, 1885, and lacking eight days of being a year from the entry of the above order with regard to such terms of the county court, the commissioners' court of Smith county entered another order changing the original order of November 28, 1884, and establishing thereafter six terms of said county court for the transaction of civil, criminal and probate business.

This case was tried at one of the terms fixed by this second order. It is insisted that the term of court was illegal because the order revoking and changing the terms of said court as originally prescribed was made before the constitutional and statutory limitation of one year had expired.

It is manifest from the statement made that the first order, to wit, that of twenty-eighth of November, 1884, was itself illegal, in that it provided for more than six annual terms of court. Recognizing the necessity, on account of a similar error having been committed in several other counties in the State, and in order to avoid its consequences, the Nineteenth Legislature, at its regular session in March, 1885, passed an act approved March 26, 1885, in the second section of which they validated and legal-

ized the action of the several county commissioners' courts stipulating the number of terms of the county court under and in accordance with chapter 23, General Laws, special session Eighteenth Legislature, and made such terms lawful. By said last act, section 1 of chapter 23, acts special session, 1884, was also re-enacted verbatim. (See Gen. Laws Nineteenth Legislature, regular session, p. 53, secs. 1 and 2.)

It was in order to obviate any further difficulty or controversy with regard to the legality of the original order as to terms of court fixed by their order of twenty-fourth of November, 1884, that the county commissioners of Smith county passed the second order, November 20, 1885, re-establishing the terms, the original order not having expired under the law.

The Act of the Nineteenth Legislature, which re-enacted in full the first section of the Act of the Eighteenth Legislature, by implication repealed the latter Act, together with all the authority conferred by it save such as was expressly recognized and enforced by the second enabling section, validating such action as had already been taken under it. "Where a new statute in itself comprehends the entire subject, and creates a new, independent and entire system respecting the subject matter, it is universally held to repeal and supersede all previous systems and laws respecting the same subject matter." (Bryan v. Lund burg, 5 Texas, 423; Stirman v. The State, 21 Texas, 734; Wade on Retroactive Laws, secs. 291, 292; Etter v. Missouri Pacific Railway Company, 2 Cond. Repts., Willson, sec. 58.)

If, then, the original act was repealed, the limitation it prescribed was also repealed as part of it. If the original order of the commissioners' court was illegal and invalid, then it was of no binding force; and in every aspect of the question we are of opinion that the action of the commissioners' court in passing the second order on the twentieth of November, 1885, with regard to the terms of the county court, became necessary and was entirely in conformity with law, and was valid. The motion in arrest of judgment was properly overruled. There are no other questions in the case, and the judgment is affirmed.

*Affirmed.*