## E. C. DICKINSON V. THE STATE.

### No. 1629. Decided October 16, 1895.

### Motion for Rehearing Decided June 23, 1897.

### Motion for Rehearing Decided December 15, 1897.

**1. Information—Complaint—Practice on Appeal.**

The affidavit or complaint is a prerequisite to the validity of a prosecution by information (C. C. P., art. 431), and if the record on appeal does not contain the complaint or affidavit upon which the information is based, the prosecution will be dismissed.

### ON MOTION FOR REHEARING.

### Decided September 14, 1897.

**2. Same—Reinstatement of Appeal After Dismissal.**

Where an appeal has been dismissed because the complaint upon which the information was based was not contained in the record, the dismissal will be set aside and the appeal reinstated if the record is completed in this respect by the bringing up of said complaint and showing that it was, in fact, properly and legally filed in the court below.

### ON REHEARING.

**3. Killing Wild Deer—Amendment and Repeal of Statutes.**

Article 426, as included in the Penal Code, 1879, prohibited the killing of female deer during the months of the year therein named, and article 430a exempted certain counties, of which the county of N. was one, from the operation of said act. The Act of 1879 was entirely repealed by the Act of 1881, which re-enacted article 426, changing the months named; and in 1883 said article 426 was amended by again changing the months, and article 430 was also amended, and it again exempted the county of N. from the operation of the law, and the county of N. was again exempted by the Act of 1889. But, by the Act of 1893, amending article 430, the county of N. was not among the counties named as exempt. Held, that when the Act of 1893 was passed, amending article 430, it took the place of all preceding amendments and was a substitute in full for all such amendments, and thereby repealed them, and that this act made the county of N. subject to the operation of the law.

**4. Repeal of Statutes by Implication.**

Subsequent statutes, revising the subject matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must operate to repeal the former to the extent to which its provisions are revised and supplied; and where the subsequent revising statute comprehends and creates an entirely new and independent system respecting the subject matter, it repeals and supersedes all previous statutes and laws respecting the same subject matter.

**5. Same—Construction of Statutes.**

Where a subsequent statute, which substitutes entirely a previous statute, omits a particular thing, or name of a class, mentioned in the former statute, it will be Held, that the omission, as to that particular matter, was intended, and the doctrine "expressio unius est exclusio alterious" applies.

### ON MOTION FOR REHEARING.

### Decided December 15, 1897.

**6. Repealing Articles of the Code—Numbering of the Repealing Articles.**

While the Constitution, by provision of article 3, section 36, requires that the section or sections of the law amended shall be re-enacted and published at length, it does not require that the amended articles shall be numbered as were the original

sections or articles; as where several articles of the Code were amended whereby one of them became article 430, instead of 430a, as it was originally, this did not make the amendment unconstitutional or invalid.

APPEAL from the County Court of Nacogdoches. Tried below before Hon. H. F. DUNSON, County Judge.

The information charged appellant and several others jointly with unlawfully killing a wild deer, in Nacogdoches County, between the 20th day of January, 1894, and the 1st day of August, 1894. Defendant moved to quash the information because it charged no offense, inasmuch as Nacogdoches County was exempted by law from the operation of the game law which prohibited the killing of wild deer. This motion was overruled; the case was tried by the court without a jury, and the court assessed defendant's punishment at a fine of $25. Defendant moved in arrest of judgment because Nacogdoches was exempt from said law, and therefore he had committed no offense against the law, which motion was also overruled.

No further statement necessary.

*Ingraham & Ratcliff*, for appellant.—Nacogdoches County being exempt from the provisions of article 426 of the Penal Code of the State of Texas, it is no offense against the law of the State to kill and destroy a wild deer in said county on the 7th day of February, 1894, and at a time between the 20th day of January, 1894, and the 1st day of August, 1894.

The complaint and information charges the defendant with killing and destroying a wild deer in the county of Nacogdoches, Texas, on February 7, 1894, at a time between January 20 and August 1, 1894. Defendant moved to quash the information and complaint because they charged no offense, Nacogdoches County being exempt. The court overruled the motion to quash, the defendant excepting. The facts proven show that the deer was killed in Nacogdoches County at the time alleged. The court found the defendant guilty. The defendant made a motion for a new trial because the court erred in not sustaining his motion to quash, and in not acquitting the defendant under the facts proven. And also moved in arrest of judgment because the complaint and information charged no offense against the law. The court overruled the motions.

Article 426 of the Penal Code was inserted by the revisers (see Willson's Criminal Statutes, page 10, section 15), and went into effect July 24, 1879. This article protected female deer only. On February 21, 1879, the Legislature adopted article 430a, exempting a great many counties from article 426, among them Nacogdoches.

The contention of appellant is that this article 430a has never been amended or repealed. The first attempt to amend or change is found in chapter 38 of the Laws of the Seventeenth Legislature, page 28, approved March 15, 1881, and we call the court's particular attention to this entire act, its caption, enacting clause, and its various sections. If this act amends article 430a, there is nothing in the appellant's contention; if it does not, this case ought to be reversed and dismissed.

The Constitution of the State provides: "No bill (except general appropriation bills, which may embrace the various subjects and accounts for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed." Sec. 35, art. 3.

"No law shall be revised or amended by reference to its title, but in such case the act revived, or the section or sections amended, shall be re-enacted and published at length." Sec. 36, art. 3.

The caption of the act last mentioned is: "An act to amend articles 423, 424, 425, 426, 427, 428, 429, and 430a and to create article 426½, and to repeal article 430, of chapter 5, title 13, of the Penal Code of the Revised Statutes for the protection of game and fish."

Section 1 reads: "Be it enacted by the Legislature of the State of Texas, that articles 423, 424, 425, 426, 427, 428, 429, and 430a, of chapter 5, title 13, of the Penal Code be so amended, and article 426½ be enacted to read as follows."

There is no such thing as the Penal Code of the Revised Statutes. The Penal Code of the State went into effect July 24, 1879; the Revised Statutes on the 1st of Setember, 1879. Rev. Stats., art. 23, p. 720.

The Penal Code is about criminal law, and nothing else; the Revised Statutes about civil law. They are separate and distinct, and have no legal connection with each other. With this explanation, this Act of 1881 in its caption undertakes to do three things: first, to amend articles 423 to 429, and article 430a; second, to create article 426½ and to repeal article 430. At this time article 430 was an article exempting aquatic fowls, wild turkeys, and wild pigeons from the provisions of article 429. The Act of 1881 amends by re-enacting in full articles 423, 424, 425, 426, 427, 428, 429, and 430; enacts article 426½, and is absolutely silent as to article 430a. Nowhere in the body of the act is it amended or repealed in terms. Article 430, which the caption says is to be repealed, is re-enacted in full, and article 430a is never mentioned in the act after leaving the first section of the act, which says it is to be amended. If this section 430a is in any way changed by this legislation, it is done by a mere reference to article 430a, and not by re-enacting it, as the Constitution requires. There is no repealing clause in this act of the Legislature, and if it repealed section 431a, as it then stood in the Penal Code, it does it by implication, and such repeals are not favored by law, especially in criminal cases.

When one looks at the title of this act, he is satisfied the Legislature intended to amend article 430a, and to repeal article 430; then when he looks to the first section he is further satisfied that the intention is to amend article 430a, but when he peruses the act and finds article 430 enacted in full and not a word said about article 430a, his conclusions are demolished and he is driven to the question, What did the Legislature do?

The answer is, they simply amended article 430 by re-enacting it in full, under the constitutional rule.

Article 426 of this Act of 1881 was amended by the Eighteenth Legislature, page 79, and has remained in the form they gave it to this day.

Article 430 of the Act of 1881 was amended by the Eighteenth Legislature, page 115, and again by the Twentieth Legislature, page 117, and by the Twenty-first Legislature, pages 34 and 35, and by the Twenty-third Legislature, page 45. Every one of these acts are based on section 430 of the Act of 1881, as shown by the body of the acts themselves and the title of the same. All of them and each of them in terms are based on article 430 as amended by the Act of 1881, and each of them exempts Nacogdoches County from the provisions of article 426, except the amendment of article 430 by the Twenty-third Legislature, and so the investigation has to go back to the Act of 1881, and the question in the matter is, Did that act amend or repeal article 430a of the Penal Code of the State of Texas? If amended or repealed, it is done by reference to the number only, or by implication, and not in the manner required by the Constitution. If article 430a, as enacted by the Seventeenth Legislature, has not been repealed by the legislation rehearsed herein, then the defendants are not guilty. The law does not favor changes made by implication. State v. Drake, 86 Texas, 329; City of Laredo v. Martin, 52 Texas, 562; Cain v. State, 20 Texas, 355; Railway v. Ford, 53 Texas, 371; Laughter v. Seela, 59 Texas, 182, 183; 2 White & W., sec. 58; Thouvenin v. Rodrigues, 24 Texas, 468; Cool. Const. Lim., pp. 151, 152; Gunter v. Texas L. & M. Co., 82 Texas, 496.

*Hogg & Robertson,* also for appellant.—Is Nacogdoches County exempt from the provisions of the Code which prohibits the killing of deer? If it is not, then the appellant is guilty. If it is, he is innocent, and the case should be reversed and dismissed.

We take the affirmative of this issue. By article 426 of the Penal Code of the Revised Statutes, it is provided that if any person shall by shooting or otherwise, knowingly kill any female deer in this State in the months of March, April, May, June, or July of any year, he shall be fined not less than five nor more than twenty-five dollars. (See Penal Code, art. 426.)

1. Article 430a of the same Code exempts a number of counties from the provisions of that law, and Nacogdoches County is one of them. This exemption of Nacogdoches County, together with other counties named in the Code, was by an act passed and approved March 26, 1879. See Gen. Laws 1879, p. 65.

2. The second law on this subject amended article 426 by making it an offense to kill, ensnare, trap, or destroy any wild deer in the period of time embraced between the 1st day of December in any year and the 1st day of June of the next year, and fixed the penalty for that offense at not less than twenty-five dollars nor more than fifty dollars fine. This act

also exempted Nacogdoches County, among other counties, from the provisions of that law. See arts. 426, 430, Gen. Laws 1881, pp. 29, 30.

3. The next law on the subject was an act to amend article 426 of the Penal Code, and it made it unlawful for any person to kill, trap, ensnare, or in any way destroy any wild deer between the 20th day of January and the 1st day of August of each year. See Gen. Laws 1883, p. 79.

4. The next law on the subject was by act approved April 18, 1883, which exempted Nacogdoches County and a great number of other counties from the operation of the law prohibiting the killing of wild deer. See Gen. Laws 1883, p. 115.

5. The next law on the subject was an act approved April 2, 1887, which also exempted Nacogdoches County and a great number of other counties from the provisions of article 426. See Gen. Laws 1887, p. 117.

6. The next law on the subject was that or April 4, 1889, which also exempted Nacogdoches and other counties from the effect of article 426 of the Penal Code. See Gen. Laws 1889, p. 34.

7. The next law on the subject was passed March 29, 1893. It does not re-enact any law nor does it impose a penalty upon any one for killing deer at all. It simply includes a number of other counties in the exemption from article 426, and also exempts Nacogdoches and other counties from the provisions of articles 427, 428, and 429. It is simply an act exempting certain counties from the provisions of article 426. See Gen. Laws 1893, p. 47.

8. The last law on the subject was passed in 1895 and it simply exempts a number of counties from the provisions of article 426 and others, but nowhere re-enacts the law making the killing or destruction of deer a penal offense. See Acts 1895, p. 158.

By investigation this court will see that the law of 1879, which made it a penal offense to kill wild deer, was incorporated in the Penal Code of the Revised Statutes as article 426. At the same time and in the same law Nacogdoches County was exempt by article 430a from its effect. That law simply made it an offense for any person, by shooting or otherwise, knowingly to kill any female deer. By the Act of April 11, 1883, page 79, this article was so amended as to make it an offense for any person to ensnare or entrap, or in any way destroy, any wild deer, and Nacogdoches County was exempt from it. See Wills. Crim. Laws, arts. 426, 430a, and Acts of 1881, pp. 29 and 30. This law was substantially re-enacted April 11, 1883, p. 79. Since that time it has not been re-enacted at all in form or substance, but at the several sessions of the Legislature of 1883, p. 115, of 1887, p. 117, of 1889, p. 34, and of 1893, p. 45, there were exemptions of a great number of counties, including Nacogdoches County, from the effect of this law. From the time that it was first exempt, from the law of 1879 up to the adoption of the Revised Statutes of 1895, nowhere have we been able to find Nacogdoches County included within the provisions of the law which makes it a penal offense to kill a deer of any kind, at any time, within its borders.

We have asked the careful consideration of this court of these several statutes, and for a reversal and dismissal of this case.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This appeal is prosecuted from a conviction had upon an information, and the record does not contain the affidavit required by article 431 of the Code of Criminal Procedure of 1895. This affidavit is a prerequisite to the validity of a prosecution by information, and such complaint for affidavit must be contained in the record on appeal. Wills. Crim. Stats., sec. 1999, and authorities there collated. The judgment is reversed, and the prosecution is dismissed.

*Dismissed.*

### ON MOTION FOR REHEARING.

#### Decided September 14, 1895.

DAVIDSON, JUDGE.—At a former day of this term this cause was reversed and the prosecution ordered dismissed because the record did not contain the affidavit upon which the information was predicated. On a motion for rehearing, it is now made to appear that such affidavit was filed and did form the basis of the information in the trial court, and the record is now complete in this respect. The motion for rehearing is granted, and the appeal is reinstated.

### ON REHEARING ON THE MERITS.

#### June 23, 1897.

HENDERSON, JUDGE.—Appellant was convicted for killing a wild deer between the 20th day of January, 1894, and the 1st day of August of said year. The information charges that the deer was killed on the 7th day of February, 1894.

The judgment in this case was at a previous term of this court reversed, and the prosecution ordered dismissed, because the record failed to incorporate the complaint which formed the basis of the information. On motion for rehearing the record was perfected, so as to cover that defect, and it is now before us for adjudication upon the merits of the questions involved in the appeal. The prosecution in this case was under the Act of 1881, as amended by various acts up to and including the Act of 1893. The Act of 1879 went into the Penal Code, and was regularly codified by appropriate articles, and numbered from article 423 to article 430a, inclusive. Article 426 made it a penal offense to knowingly kill any female deer in this Sate in the months of March, April, May, June, or July of any year. Article 430a contained the counties exempt from the provisions of said act, and contained Nacogdoches County. The Act of 1881 was a comprehensive act, and proposed to cover and repeal the entire Act

of 1879. The caption or title of said act is as follows: "An Act to amend articles 423, 424, 425, 426, 427, 428, 429, and 430a, and to create article 426½, and to repeal article 430 of chapter 5 of title 13 of the Penal Code of the Revised Statutes, for the protection of fish and game." The enacting section is as follows: "Section 1. Be it enacted by the Legislature of the State of Texas, that articles 423, 424, 425, 426, 427, 428, 429, and 430a of chapter 5, title 13, be so amended to read as follows, and article 426½ be enacted to read hereafter as follows: [Then follow the various articles of said act.]" Article 426 is amended so as to make the killing of any wild deer in the period of time embraced between the 1st of December in any year and the 1st of June of the next year a misdemeanor, punishable by fine, etc. See Acts 1881, p. 28. All of the subsequent legislation on the subject is based upon and relates to the Act of 1881, which was amendatory of the articles of the Penal Code. In 1883 the Legislature amended article 426. By said amendment the time in which the killing of wild deer was inhibited was changed so as to make the killing of said animals an offense if committed between the 20th day of January and the 1st of August in each year. See Laws 1883, p. 79. Said article, after its enactment, took the place of article 426 of the original act, and stood for the same. Article 430 of the Act of 1881, as stated before, exempted Nacogdoches County. This article was amended in 1883, and by its provisions Nacogdoches County was exempted from the provisions of article 426. Laws 1883, p. 115. This article 430 was again amended in 1887. This amendment likewise exempted, with a list of other counties, Nacogdoches County. See Laws 20th Leg., p. 117. Article 430 was amended in 1889, and Nacogdoches County was exempted in this amendment. See Laws 21st Leg., p. 34. In 1893 the Legislature again amended article 430 of the Act of March 15, 1881, Laws 23d Leg., p. 45, and by this amendment Nacogdoches County was not excepted in the list of those counties exempted from the provisions of article 426 of the Penal Code.

It is contended by counsel for appellant that Nacogdoches County stands exempted from the operation of article 426, which prohibits the killing of wild deer, by enactments amendatory of article 430, antedating the amendment of 1893; that is, as we understand, it is contended that inasmuch as the Legislature had previously exempted Nacogdoches County from the provisions of article 426, in amending article 430, in 1893, it was not necessary to name Nacogdoches County. The Constitution (article 3, section 36) requires that "no law shall be revived or amended by reference to its title, but in such case the act revived or the section or sections amended shall be re-enacted and published at length." It would appear by reference to the various amendments of article 430 that the Legislature has followed the above article of our Constitution. The section in question, each time it has been re-enacted, has been under the appropriate caption or title referring to the various articles of the Code and preceding amendments, and said article has been re-enacted—that is, the counties contained in said article have been relisted; this article being the article

exempting certain named counties from the operation of said article 426. Article 426 is a general law, applicable to every portion of the State. Arcle 430 is the article exempting the counties therein named from the operation of said article 426. When the Act of 1893 was passed, amending article 430, it took the place of all preceding amendments on the subject, and was a substitute for that article of the Code in full, and all preceding acts or amendments were thereby repealed. It is well settled, under all the authorities of which we have any knowledge, that subsequent statutes revising the subject matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must operate to repeal the former to the extent to which its provisions are revised and supplied (see Rogers v. Watrous, 8 Texas, 62; Cain v. State, 20 Texas, 355; Tunstall v. Wormley, 54 Texas, 476; Stirman v. State, 21 Texas, 734; Ex parte Valasquez, 26 Texas, 178; Holden v. State, 1 Texas Crim. App., 225); and where the revised statute, in and of itself, comprehends another subject, and creates a new, independent, and entire system respecting that subject matter, it is universally held to repeal and supersede all previous statutes and laws respecting the same subject matter (see Bryan v. Sundberg, 5 Texas, 423; Stirman v. State, 21 Texas, 734; Etter v. Railway, 2 Wills. Civ. Cas. Ct. App., sec. 58; Stebbins v. State, 22 Texas Crim. App., 32), that is, under the Constitution and the authorities referred to, article 430, as amended in 1893, took its place in the Code, and was all the law on the subject exempting counties from the provisions of article 426. This view is strengthened by a reference to the Act of 1893, for that shows that Nacogdoches County was not forgotten by the Legislature, for, as a part of article 430, it is provided that the counties of Bowie, Nacogdoches, Hill, and Bosque are hereby exempted from the provisions of articles 427-429. But there is no exemption of Nacogdoches County from the provisions of article 426. Applying the rule of "expressio unius, est exclusio alterius," this would manifest the intention of the Legislature to leave Nacogdoches County subject to the provisions of article 426. To further emphasize this construction, suppose that the Act of 1893 had simply in terms, not by implication, repealed article 430, would it be seriously contended that any county in this State would be exempt from the operation of article 426? Certainly not. As we understand this record, this is the sole question raised by appellant as a ground for reversal, and, as we can not concur in the views taken by appellant, the judgment is affirmed.

*Affirmed.*

### MOTION FOR REHEARING.

*Hogg & Robertson,* for appellant.—Now comes the appellant by counsel, and asks this court to grant him a rehearing in this case for the following reasons:

1. In deciding this case the court seems to have overlooked article 430a entirely. This article exempts Nacogdoches' County from the provisions of article 426 of the Penal Code, which makes it a misdemeanor to kill wild deer, and it has never been repealed, modified, or changed by any act of the Legislature. See Acts of 1879, p. 65, where that article was originally adopted.

2. The Act of 1893, page 45, on which this court based its opinion, amended article 430, Penal Code, and did not pretend to amend or repeal article 430a. The Act of 1881, while proposing in its enacting clause to amend article 430a, never did so at all. It was not repealed, amended, or re-enacted, and the declaration in the enacting clause that article 430a was amended could not have that effect, because the Constitution prohibits it. See section 36, article 3, of the Constitution, which provides that no law shall be revised or amended by reference to its title, but that in such cases the act revised and section or sections amended shall be published at length.

Upon these points we ask the court's opinion, after a careful review of the several statutes, which we contend will show that article 430a is intact and that Nacogdoches County is not embraced within the provisions of article 426 except by mere implication.

### ON MOTION FOR REHEARING.

#### Decided December 15, 1897.

HENDERSON, JUDGE.—Appellant was convicted under article 426 of the old Penal Code, being article 514 of the new Penal Code, for the unlawful killing of wild deer between the 20th of January and the 1st of August. This case was affirmed at the Austin term, 1897, but appellant filed a motion for rehearing.

The grounds of the motion for rehearing are to the effect that, in 1879, Nacogdoches County, together with other counties, was exempted by virtue of article 430a of the Penal Code (which was an article amendatory of said Code, and passed at the same session of the Legislature that the Penal Code was adopted), the contention of appellant being that article 430a has never been repealed. We quote from appellant's own language on this subject, as follows: "In deciding this case, the court seems to have overlooked article 430a entirely. This article exempts Nacogdoches County from the provisions of article 426 of the Penal Code, which makes it a misdemeanor to kill wild deer; and it has never been repealed, modified, or changed by any act of the Legislature. See Acts 1879, p. 63, where that article was originally adopted." The Act of 1893 (page 45), on which this court bases its opinion, amended article 430, Penal Code, and did not pretend to amend or repeal article 430a. The Act of 1881, while proposing in its enacting clause to amend article 430a, never did so at all. It was not repealed, amended, or re-enacted, and the declaration in the enacting clause that article 430a was amended could not have that

effect, because the Constitution prohibits it. See section 36, article 3, of the Constitution, which provides that no law shall be revised or amended by reference to its title, but that in such case the act revised and section or sections amended shall be published at length. Now, as stated in the original opinion, article 430a was passed by the Legislature in 1879, and was an amendment to the Penal Code, which was adopted at that session of the Legislature. By reference to the Penal Code passed in 1879, it appears that article 430 relates to aquatic fowls, and is as follows: "Art. 430. Aquatic fowls, wild turkeys, and wild pigeons are not included within the provisions of the preceding article." Then follows article 430a, which is the article exempting certain counties from the operation of certain of the preceding articles of said chapter 5. In 1881 this entire chapter came before the Legislature for revision. The act is entitled "An Act to amend articles 423, 424, 425, 426, 427, 428, 429, and 430a, and to create article 426½, and to repeal article 430, of chapter 5, title 13, of the Penal Code of the Revised Statutes, for the protection of fish and game." It will be noted that every section or article of said chapter in the Penal Code is re-enacted, some of them with amendments, except article 430, relating to aquatic fowls, etc., which is entirely omitted, effectually repealing said article 430; and article 426½ is added to the act, as suggested by the caption. The entire subject matter of article 430a is re-enacted, but said article finds its way into the act as article 430, and not 430a. The original article 430 having been repealed, its number, 430, is given to the revised article which was formerly 430a. As we understand it, the complaint is not that the Legislature failed to re-enact the subject matter, and publish it at length as revised, but that they failed to retain the number 430a of said article in its revision.. Now, we are not aware of any requirement of the Constitution that would constrain the Legislature to retain the number of said article so revised. The mandate of the Constitution in this regard is simply that "no law shall be revived or amended by reference to its title, but in such case the act revived or the section or sections amended shall be re-enacted and published at length." The amendment in this case was not by its title alone, but the subject matter proposed to be revived and amended, contained in article 430a, was all brought forward and re-enacted and published at length. When this was done the Legislature appears to have given the number of the article 430, and not 430a, as originally contained in the act as amended. The Legislature had at the same time repealed article 430; and said article, with reference to aquatic fowls, no longer existing, it was entirely competent for them to bring said article forward, and give it the number of the former repealed article. This article 430 in the Act of 1881, thus being made the article exempting counties from the operation of certain provisions of the Code in question, instead of the former number, 430a, is treated as the exempting article in all subsequent legislation on the subject. See Act 1883, p. 115; Act 1887, p. 117; Act 1889, p. 34;

Act 1893, p. 45. In all these acts, except the last, Nacogdoches County is mentioned in article 430 as one of the counties exempted from the operation of article 426; thus further manifesting the legislative intent and purpose to treat this article as the clause exempting counties therein named from the provisions of said act. In 1893 this article 430, covering the same subject matter—that is, naming the counties exempted from certain provisions of the act—is amended and re-enacted; and from this re-enactment Nacogdoches County is omitted from the list of those exempted from the provisions of article 426 of the act, thus leaving it subject to the provisions of said article as effectually as if it had been placed subject to said article by affirmative or positive enactment.

In the view insisted on by appellant's counsel, the clause of the Constitution should read that every amended law should not only contain the act revived or section amended but should retain its numbering. We do not believe such contention to be a sound construction of the section of the article in question. On the contrary, we believe it to be entirely legitimate and proper for the Legislature, in amending an article or section of a law, to bring it forward, and publish it at length as amended, and then to give it such numbering as it may choose. Of course, it would be best to follow the numbering contained in the particular chapter; and in this instance, as there no longer existed article 430, because this was repealed, article 430a was amended and given the sequent number 430. Nor do we deem it at all necessary that the Legislature should in the act itself, or in the caption thereof, have set forth that this amendment was to repeal article 430, and to amend article 430a, and then, after such amendment and repeal, to change the numbering of the article 430a to article 430; yet such seems to be the contention of appellant. In our opinion, such contention is without either reason or authority to support it.

There being no other ground for a rehearing presented, the motion is accordingly overruled.

*Motion overruled.*