## EX PARTE STEVE VACCAREZZA.

### No. 3838.  Decided December 18, 1907.

**Habeas Corpus—Intoxicating Liquors—License.**

Where relator obtained license for the retail sale of intoxicating liquors on the 28th of May, 1907, which under the then existing law would have entitled him to pursue that business for twelve months, and by the Act of the Thirtieth Legislature, page 256 et seq., new provisions for the sale of intoxicating liquors were provided, which act took effect July 12, 1907, and defendant was arrested on the 12th day of September, 1907, for a violation of said new law, the relator had no authority to sell intoxicating liquors under his old license on the 12th of September, 1907; and upon writ of habeas corpus was remanded to custody.

From Bexar.

Original application for habeas corpus for release from arrest for selling intoxicating liquors in violation of the Act of the Thirtieth Legislature, page 256, et seq.

The opinion states the case.

*Newton & Ward* and *Wm. Aubrey,* for relator.—On the question of interpretation of laws: Sutherland on Stat. Const., secs. 218, 246; Endlich on Interpretation of Statutes, sec. 72; Womack v. Womack, 17 Texas, 1; Stone v. Hill, 72 Texas, 543; Russell v. Farguhar, 55 Texas, 355; McInery v. Galveston, 58 Texas, 334; Ins. Co. v. State, 86 Texas, 250; Halbert v. Land & Livestock Co., 89 Texas, 230.

Black on Interpretation of Laws, lays down certain rules for the construction of statutes as follows: "It is presumed that the Legislature never intends to do injustice. If a statute is doubtful or ambiguous, or fairly open to more than one construction, that construction should be adopted which would avoid this result." (Sec. 46, p. 100.)

"It is presumed that the Legislature never intends for its enactments to work public inconvenience or private hardships; and if a statute is doubtful or ambiguous, or fairly open to more than one construction, that construction should be adopted which will avoid such results." (Sec. 47, p. 102.)  Walker v. State, 7 Texas Crim. App., 245; Yakel v. State, 30 Texas Crim. App., 391; Sartain v. State, 10 Texas Crim. App., 651; Cain v. State, 20 Texas, 355; Chapman v. State, 16 Texas Crim. App., 76; Hodges v. State, 22 Texas Crim. App., 415; Albrecht v. State, 8 Texas Crim. App., 313; Thompson v. State, 17 Texas Crim. App., 253; Ex parte Creel, 29 Texas Crim. App., 439.

The mere repeal of a law under which a license was issued without other apt and appropriate words showing an intent to revoke the licenses issued under such law, does not ipso facto revoke such licenses.  Davis v. State, 2 Texas Crim. App., 425; State v. Drake, 86 Texas, 329; Hirn v. State of Ohio, Ohio St., 21; Springfield W. W. Co. v. San Francisco, 22 Cal., 434; Savage v. Salem, 23 Ore., 381; Pearson v. Seattle, 14 Wash., 438; State v. Andrews, 29 Mo., 14; State v. Andrews, 26 Mo.,

171; McNally's Case, 3 Pa. Co., 671; Busch v. Dist. Columbia, 1 App. Cases, D. C. 1.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This is a companion case to Ex parte Steve Vaccarezza, No. 3839, decided on a previous day of the present term: The writer was absent when the decision in that case was rendered, and in this case gives his views for remanding applicant to custody.

It is unnecessary to go into any detailed statement of the facts, as they have been sufficiently given in the former case.

Relator obtained license for the retail sale of intoxicating liquors on the 28th of May, 1907, which, under the then existing laws, would entitle him to pursue that business for twelve months. What is known as the Baskin-McGregor bill went into effect on the 12th of July, 1907. Relator was arrested on the 19th of September, 1907, upon complaint charging him with violating the provisions of the Baskin-McGregor act on or about the 12th of September, 1907. These dates are mentioned simply to show that relator was arrested for selling long after he could have complied fully with all the provisions of the Baskin-McGregor bill, and obtained license to operate under that law. Relator puts his proposition tersely and clearly, as follows: "From the capias, information, complaint and agreement aforesaid, it is obvious that there is involved in this case but one question, viz: Did the act of the last Legislature revoke liquor licenses which had not expired by their terms when said new law took effect?" The writer believes, while the question stated is as clearly put as could have been well done, it is not exactly the question involved. The writer's view of the question is this: Did relator have authority to sell under his old license at the time that he sold, to wit: On the 12th of September, 1907. Whether we look to relator's proposition, or that stated by the writer, the answer is the same, and in the negative. My brethren have decided, without difference of opinion, that on the 12th of September, 1907, the Baskin-McGregor bill was in full force, and that the license under the old law could not be economized to sell intoxicants at that time; they differed, to some extent, as to the condition of the law regulating retailing intoxicants from the 12th of July until the provisions of the Baskin-McGregor act could have been complied with. To the writer's mind, the condition of the parties retailing intoxicants from the 12th of July until they could have obtained license under the provisions of the Baskin-McGregor bill is not involved in this case and could not be. Relator could have complied with the provisions of the Baskin-McGregor bill long before he is charged with selling, but did not. Ordinary diligence would have enabled applicant to comply with the terms of the Baskin-McGregor bill within thirty days from the 12th of July; at farthest, by the middle of August, relator could have been operating under the Baskin-McGregor bill. Had relator

been charged with selling intoxicants between the 12th of July and the time when he could have obtained license under the Baskin-McGregor bill, the questions discussed by my brethren and about which they have differed, would be involved. Anything said in this case with reference to the attitude of the parties after the 12th of July until they could have complied with the provisions of the said bill would be obiter dicta. The question is not involved. As before stated, we answer relator's proposition in the negative: First, because the provisions of the Baskin-McGregor bill expressly repealed all laws in conflict with it; second, said bill is a complete substitute for the old law in regard to retailing intoxicants. It does not affect the wholesale business. It is unnecessary to discuss the plain provisions of express repeal; it needs none.

With reference to the substitution of the Baskin-McGregor law for the old, we would say the rule is well stated in Stebbins v. State, 22 Texas Crim. App., 32, by Presiding Judge White, as follows: "Where a new statute in itself comprehends the entire subject, and creates a new, independent and entire system respecting the subject matter, it is universally held to repeal and supersede all previous systems and laws respecting the same subject matter," and in support of this proposition cites Bryan v. Sunberg, 5 Texas, 423; Stirman v. State, 21 Texas, 734; Wade on Retroactive Laws, secs. 291, 292; Etter v. Missouri Pacific Railway Company, 2 Cond. Repts., Willson, sec. 58.

The question was again before this court in Dickinson v. State, 38 Texas Crim. Rep., 472, the quotation being on page 479. Judge Henderson, rendering the opinion for the court, speaking of the substitution of one act for another, says: "It is well settled, under all the authorities of which we have any knowledge, that subsequent statutes revising the subject matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must operate to repeal the former to the extent to which its provisions are revised and supplied (see Rogers v. Watrous, 8 Texas, 62; Cain v. State, 20 Texas, 355; Tunstall v. Wormley, 54 Texas, 476; Stirman v. State, 21 Texas 734; Ex parte Valasquez, 26 Texas, 178; Holden v. State, 1 Texas Crim. App., 225); and where the revised statute, in and of itself, comprehends another subject, and creates a new, independent, and entire system respecting that subject matter, it is universally held to repeal and supersede all previous statutes and laws respecting the same subject matter (see Bryan v. Sunberg, 5 Texas, 417; Stirman v. State, 21 Texas, 734; Etter v. Railway, 2 Wills. Civ. Cas. Ct. App., sec. 58; Stebbins v. State, 22 Texas Crim. App., 32)."

The question was again commented on by the court in Ex parte Coombs, 38 Texas Crim. Rep., 656, in the following language: "It may be asserted with equal confidence that a repeal may be had by amendment and substitution. So, when a subsequent statute reviews the subject matter of a former one, and is evidently intended as a substitute for it, though it contains no express words to that effect, it must be held to operate as a repeal of the former to the extent to which its

provisions are revised and supplied. And a new statute which comprehends the entire subject matter of the previous one, and enacts a new and independent system respecting it, repeals and supersedes all prior systems and laws upon the same subject matter. See Stebbins v. State, 22 Texas Crim. App., 32; Rogers v. Watrous, 8 Texas, 63; Goodenow v. Buttrick, 7 Mass., 140; Stirman v. State, 21 Texas, 734; Ex parte Valasquez, 26 Texas, 178; Holden v. State, 1 Texas Crim. App., 226; Harold v. State, 16 Texas Crim. App., 157; Bartlett v. King, 12 Mass., 545; In re Ashley, 4 Pick., 21, 23; Com. v. Cooley, 10 Pick., 39; Ellis v. Paige, 1 Pick., 43, 45; Inhabitants of Rutland v. Inhabitants of Mendon, Id., 154; Blackburn v. Inhabitants of Walpole, 9 Pick., 97; Suth. Stat. Const., secs. 133, 154, and note, for collated supporting authorities."

We deem it unnecessary to pursue this subject further, for the authorities are too clear for discussion, that when the Baskin-McGregor bill went into effect on the 12th of July, it not only expressly repealed all former laws with reference to retail of liquors in Texas, as provided for under the terms of the act, but that the repeal by substitution is as equally certain. As before stated, the writer does not deem it necessary to discuss the attitude, rights or liabilities of relator had he been charged with selling intoxicants after July 12th and before he could have obtained license under said Baskin-McGregor law, and expresses no opinion as to the attitude of parties who may have so sold.

For the reasons indicated, the relator is remanded to custody, and it is accordingly so ordered.

*Relator remanded to custody.*

Henderson, Judge, absent.

BROOKS, JUDGE.—I barely concur in the conclusion.