

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

~~WILLXXXXXXXXXIXXXX~~
ATTORNEY GENERAL

January 13, 1939

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. O-94
Re: Article 7047

Your request for an opinion as to whether Section 23 of Article
7047, Revised Civil Statutes, is still in force and effect, has
been received in this office.

Section 23, of Article 7047, Revised Civil Statutes, enacted by the
43rd Legislature, became effective 90 days after June 1, 1933, The
same levied occupation taxes on certain coin operated machines. Section
43 of Article 7047 provided a penalty, towit, a fine of not more than
$50.00 for violators.

On November 1, 1933, the same legislature, with emergency clause, enacted
Chapter 116, 1st Called Session, 43rd Legislature, p. 320, identical
with said Section 23, except as follows: (1) in the latter statute pay
toilets and sanitary drinking cup vending machines were excepted from the
tax, and (2) the minimum penalty for violation was raised to $10.00. The
latter statute provided that "all laws and parts of laws in conflict
herewith are hereby repealed."

Thereafter, on May 30, 1935, the 44th Legislature enacted Chapter 354,
page 905, General and Special Laws, the caption of which commenced as
follows:

> "An Act amending Chapter 116, Acts of the First Called
> Session of the Forty-third Legislature, and levying an
> annual occupation tax upon coin-operated vending
> machines; . . "

The Act mentioned last above covered in great detail the same matter forming
the subject of said Article 7047, Section 23, and said Chapter 116, 1st
Called Session, 43rd Legislature, but levying a higher tax for the most
part, and providing a penalty by fine of from $25.00 to $100.00.

Thereafter, the 44th Legislature, enacted Chapter 495, page 2040, at its
3rd Called Session, Section 4 thereof in fullest detail providing for the
levying of occupation taxes upon such machines, and providing penalties.
The same contains this provision:

"That Chapter 115, Acts of the First Called Session of the
Forty-Third Legislature, as amended by Chapter 354, Acts
of the Regular Session of the Forty-fourth Legislature,
and all laws and parts of laws that conflict herewith are
in all things repealed."

A reading of the above statutes clearly shows that each of them was
intended as a unit to cover the whole subject matter, and that no one
of them was intended to supplement any other one. No subsequent statute
expressly repealed Section 23 of Article 7047. With few exceptions
there is no conflict between Article 7047, Section 23, and the subsequent
statutes, as to the subject taxed, but the amount of the taxes levied
by the subsequent statutes, as well as the penalties provided, do conflict.

The law last enacted on the subject is exceedingly complete. Nothing is
omitted which might be supplied by Article 7047, Section 23.

From the opinion of Judge Short of the Commission of Appeals, in the case
of Bank v. Lee County Cotton Oil Company, 274 S. W. 127, at page 130,
we copy:

"In the case of St. Louis S. W. Ry. Co. v. Kay et al,.
Justice Gaines, speaking for the Supreme Court of Texas,
in discussing a similar question, uses this language:

"'If article 4227, as amended, repeals article 279, it is
a repeal by implication. Such repeals are not favored,
and unless there be a repugnancy or inconsistency between
two statutes, the general rule is that the latter will not
repeal the former in the absence of express words to that
effect. But the question or repeal, like every other
question arising upon the construction of a statute, must
be solved by determining as near as may be the intent of
the Legislature' -citing Rogers v. Watrous, 8 Tex. 65; Ex
parte Valasquez, 26 Tex. 178; Cain v. State. 20 Tex. 355.

"He continues in the same case;

"'In Rogers, Watrous (8 Tex. 65, 58 Am. Dec. 100), supra,
Judge Wheeler says: "A subsequent statute revising the
subject-matter of a former one, and evidently intended
as a substitute for it, although it contains on express
words to that effect, must operate to repeal the former
to the extent to which its provisions are revised and
supplied, So though a subsequent Statute be not
repugnant in its provisions to a former one, yet if it
was clearly intended to prescribe the only rules which
should govern, it repeals the prior statute."'

"The general rule, enunciated above by the American and English Encyc. of Law, supra, and approved by the Supreme Court of this State by Judge Wheeler, which was followed by Judge Gaines, as above stated, is also enunciated in Chiles, v. State, 1 Texas. App.32, holding the act prohibiting tenpin alleys to be repealed by a later one providing for licensing them, and in Dickinson v. State, 38 Tex. Cr. R. 479, 41 S. W. 759, 43 S. W. 520, holding that the game law is impliedly repealed by a later statute, and in Tunstall v. Wormley, 54 Tex. 481, holding an act concerning churches is repealed by a law concerning corporations. We have been unable to find any authority bearing directly on the subject which holds to the contrary.

"In the case of State v. Houston Oil Com. of Texas (Tex. Civ. App.) 194 S. W. 432, Chief Justice Key, in discussing a similar question, says:

"'The rule is well settled that, when a subsequent statute shows by its context that it was intended to embrace all the law upon the subject dealt with, such statute will, by implication, repeal all former laws relating to the same subject. The correctness of that rule is not controverted, and it is unnecessary to cite authorities in support of it.'"

We quote from State v. T. & No. O. Ry. Co., 125 S. W. 53, error denied, at page 55, as follows:

"Unless there be a repugnancy or inconsistency between two statutes, the general rule is that the latter will not repeal the former in the absence of express words to that effect. But the question of repeal, like every other question arising upon the construction of a statute, must be solved by determining as near as may be the intent of the Legislature. Railway v. Kay, 85 Tex. 559, 22 S. W. 665; Rogers v. Watrous, 8 Tex. 62, 58 Am. Dec. 100. In the case first cited Judge Gaines quotes with approval from Rogers v. Watrous as follows: (the same quotation is made as has already been copied above."

So much of Section 23, of Article 7047, as is in conflict with Chapter 495, 3rd Called Session, 44th Legislature, has been repealed. So much thereof as is not in conflict therewith has been carried forward into the same. Practically speaking therefore, said Section 23, of Article 7047, has been superseded and repealed, and is not in force, but the last statute on the subject will govern.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/  Glenn R. Lewis


By
Glenn R. Lewis
Assistant

GRL;N/ldw

APPROVED:
s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

s/ mph