WiikelisR, J.
The change of venue was awarded under the provision of an act of (he Congress of the Republic, passed in 1843, (Hart. Dig., art. 637,) which provides "that hereafter it shall be the duty of any one of the district *33 Judges of the Republic of Texas to change the venue upon the motion of any practicing attorney, in any case in which said judge may be interested, from tlie county in which he may be presiding to the nearest adjoining comity out of his district.”
Note 15. — Lovett v. Casey, 17 T., 59Í; Cain v. The State, 20 T., 355; ex parte Valasques, 20 T-17S; Selmati v. Wotie, 27 T., 6S.
Was fciiis statute in force at the time of tlie awarding of the change of venue?
The Constitution of the State (art. 7, sec. 14) directs that “the Legislature shall provide for a change of venue in civil and criminal cases.”
Tlie act of 1846, sec. 14, (Hart. Dig., art. 656,) provides that “the District Courts may order a change of venue for tlie trial of any suit, civil or criminal, under tlie rules and regulations prescribed by law.” The next succeeding section of the same act provides that “when any judge of tlie District Court may be interested in any canses pending in his district,” &e., “or when tlie judge has been of counsel in the causes, he may exchange districts with any judge who is not subject to like disabilities,” &c. And by section 16 it is provided that “ when any judge is disqualified the parties may, by consent, ciioose and appoint some other person to try the cause,” &c. (Hart. Dig., art. 653 to 655.)
Tlie provision of the Constitution which we have cited evidently contemplates a revision by tlie Legislature of tlie law upon the subject of change of venue. Tlie provisions of tlie statute referred to contain such revision as respects eases in which the judge is interested or has been of counsel, and they seem to have been intended to provide for that entire subject-matter and to supersede all former laws on tlie same subject. Tlie law does not favor repeals by implication. But a subsequent statute, revising the subject-matter of a former one, and evidently intended as a substitute fo: it, although it contains no express words to that effect, must operate to repeal tlie former to tlie extent to which its provisions are revised and supplied. (1 Ashm. R., 170.)
So, though a subsequent statute lie not repugnant in its provisions to a former one, yet if it was clearly intended to prescribe tlie only rules which should govern it repeals tlie prior statute. (3 How. U. S. R., 636.)
Applying these rules of construction to tlie present case, we entertain no doubt that tlie act of 1843 was repealed by tlie provisions of the act of 1846. It follows that tlie change of venue was unauthorized. Whether void, for the want of authority in tlie judge to grant it, or only erroneous as having been granted for an insufficient cause, the court at Galvest.on was justified in striking the ease from its docket. It is true that tlie District Court cannot, in general, revise its own judgments of a former term. But where an interlocutory order lias been inadvertently and erroneously made, which, after judgment, on appeal, may occasion a reversal of the judgment, there can be no reason why the District Court should not correct such erroneous order, if susceptible o£ being corrected without prejudice to tlie rights of parties, before final judgment, so" as to preserve legality in its proceedings and render its final judgments irreversible.
Tlie District Court of Galveston County might, in our opinion, have gone even further, and directed the case to be re-transferred to the County of Harris, where it belongs. And tlie only hesitancy we have in giving that direction is that it was removed from that comity at tlie instance of the plaintiff in error. Tlie rights oí both parties, however, may be jeopardized by the removal if tlie case be not restored to its place, in the proper county. It is clear I hat they ought to have an opportunity afforded of having their rights finally adjudicated, and that if deprived of that opportunity it would be in consequence of an. error in which tito defendant in error is not implicated.
Tlie case presents a novel aspect. But we may, we think, without transcending our authority as an appellate court, direct that the cause, he remanded to tlie District Court of Harris County, to he reinstated upon the docket of that court, and for further proceeding at the costs of the plaintiff in emir.
Ordered accordingly.