ST. LOUIS & SOUTHWESTERN RAILWAY COMPANY v. J. A. KAY & Co.

No. 31.

1. **Penalty for Railway Company Refusing to Carry Freight — Repeal.**—As we construe article 279 and amended article 4227, Revised Statutes, each prescribes a penalty for the same act—the former, however, being applicable to all carriers, and the latter to railway companies only. We are of opinion that the intention of the Legislature, in the amended article 4227, was to make a distinction as to railway companies, and to affix a punishment for their misconduct in the particulars prescribed, less arbitrary in its nature and better adjusted to the wrong sought to be repressed. It seems to us that the latter statute (article 4227 amended, Acts Twentieth Legislature, page 116) was intended to cover the whole field as to railway companies, and to lay down the only rule for a recovery against them for the particular wrongs it points out.

2. **Repealed, Revised Statutes, Article 279.**—Article 279, Revised Statutes, prescribing a penalty against carriers for not receiving, etc., freight, was repealed as to railways by the Act of April 2, 1887 (Acts Twentieth Legislature, page 116), amending article 4227.

QUESTION certified by Court of Civil Appeals for First District, under section 35 of act to organize the Courts of Civil Appeals.

GAINES, ASSOCIATE JUSTICE.—In this case the Court of Civil Appeals for the First Supreme Judicial District certify to us for our determination, the question whether article 279 of the Revised Statutes is repealed by the Act of April 2, 1887, which amends article 4227.

Article 279 reads as follows: " Upon the tender of the legal and custom-

ary rates of freight on goods offered for transportation to any common carrier whatever, such carrier shall receive and transport such goods, provided his vehicle or vessel has capacity safely to carry the goods so offered on the trip or voyage then pending, and such goods are of the kind usually carried upon such vehicle or vessel, and are offered at a reasonable time. Any common carrier refusing to transport goods as above provided, taking the same in the order presented, shall be liable to the party injured for all damages sustained by reason of his refusal, and shall also be liable to a penalty of not less than $5 nor more than $500, to be recovered in each case by the owner of the goods, in any court having jurisdiction in the county where the wrong is done or where the common carrier resides."

The amended article 4227, enacted by the Twentieth Legislature, and approved April 2, 1887, is as follows:

"Article 4227. In case of the refusal of such corporation, or their agents, so to take and transport any passenger or property, and deliver the same or either of them at the regular appointed time, such corporation shall pay to the party aggrieved all damages which shall be sustained thereby, with costs of suit; and in case of the transportation of property, shall in addition pay to such party special damages at the rate of 5 per cent per month upon the value of the same at the time of shipment, for the negligent detention thereof beyond the time reasonably necessary for its transportation; provided, that in all suits against such corporation under this section, the burden of proof shall be on such corporation to show that the delay was not negligent."

The original article 4227 prescribes no penalty for the refusal or failure to transport and deliver either passengers or goods. The manifest purpose of the amendment was to provide a punishment for the failure of railway companies to discharge their obligations to the public to receive and deliver promptly property offered them for transportation. The old and the new articles are precisely the same down to the words "and in case of the transportation of property," etc. The old ended with the words "costs of suit." All after these in the amendment constitute new matter.

Article 279 is found in that title of the Revised Statutes which prescribes the rights and duties of common carries in general. Article 4227 is a part of the title which prescribes for the organization of railway companies and defines their powers and obligations; and the penalty provided for by the amended article is given against these corporations only.

If article 4227 as amended repeals article 279, it is a repeal by implication. Such repeals are not favored; and unless there be a repugnancy or inconsistency between two statutes, the general rule is, that the latter will not repeal the former in the absence of express words to that effect. But the question of repeal, like every other question arising upon the con-

struction of a statute, must be solved by determining as near as may be the intent of the Legislature. Rogers v. Watrous, 8 Texas, 62; Ex Parte Valasquez, 26 Texas, 178; Cain v. The State, 20 Texas, 355.

In this case there is no necessary inconsistency or repugnancy between the two statutes. The penalty prescribed by the latter might have been intended to be cumulative; or the intent might have been to afford shippers by railway an election between two penalties. In Rogers v. Watrous, supra, Judge Wheeler says: "A subsequent statute revising the subject matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must operate to repeal the former to the extent to which its provisions are revised and supplied. So though a subsequent statute be not repugnant in its provisions to a former one, yet if it was clearly intended to prescribe the only rules which should govern, it repeals the prior statute."

As we construe article 279 and amended article 4227, each prescribes a penalty for the same act; the former, however, being applicable to all carriers, and the latter to railway companies only; and we think it unreasonable to suppose that as to the latter it was intended, not only to provide a new penalty, but also to leave them subject to that which had been formerly prescribed. On the contrary, we are of opinion, that the intention was to make a distinction as to the railway companies, and to affix a punishment for their misconduct in the particulars provided for, less arbitrary in its nature and better adjusted to the wrong which was sought to be repressed. Instead of providing an arbitrary penalty of not less than $5 nor more than $500, the amended law makes it proportionate to the injury inflicted. It seems to us that the later statute was intended to cover the whole field as to railway companies, and to lay down the only rule for a recovery against them for the particular wrongs it points out.

For these reasons we think article 279, in so far as it relates to railway companies, is repealed by amended article 4227. We think, however, the former law remains in force as to other carriers.

It is accordingly ordered, that this opinion be certified to the Court of Civil Appeals for the First Supreme Judicial District for their observance.

Delivered June 1, 1893.