**FREELS v. WALKER, Commissioner of General Land Office, et al.**

Motion Nos. 9122, 9123, 9125; 1170—5488.

Commission of Appeals of Texas, Section B. Feb. 18, 1931.

For former opinion, see 26 S.W.(2d) 627.

E. F. Smith of Austin, and Alden Latham & Young, of Chicago, Ill., for relator.

Robert Lee Bobbitt, Atty. Gen., and W. W. Caves, Asst. Atty. Gen., for respondent.

R. J. Randolph, of Austin, for intervener M. L. Davis.

LEDDY, J.

The motion for rehearing in this case is supported by elaborate and able arguments filed by the various respondents.

All of these arguments vigorously urge the proposition that Bowen, by filing his application for a mineral permit in the office of the county clerk, thereby acquired a right to take the necessary steps to obtain a mineral permit which was superior to that of any other person subsequently filing an application for a permit on the same land. From this premise, the correctness of which must of course be conceded, it is argued that, as the right thus acquired was superior to that of a stranger, it was superior to that of the landowner to reinstate his forfeited purchase. In other words, the insistence is that the owner of the land which had been forfeited is placed upon a parity with a stranger who desired to obtain mineral rights in the land by an application filed subsequent to Bowen's.

This contention overlooks the fact that the rights of a stranger as against Bowen would be controlled alone by the act under which the filing took place. Bowen being prior in point of time, his right would, of course, be superior to one subsequently filing under the same act. In a contest between Bowen and a later filing by a third party under the permit act, the construction of article 5326, which governs the right of the owner of the land to reinstatement, is not in any way involved. When we come to consider his right

of reinstatement as against the right acquired by Bowen in filing his application in the county clerk's office, quite a different situation is presented, as the relative rights of the parties then require the construction of a statute in no way material as between Bowen and a stranger. This statute confers the privilege upon the owner whose land has been forfeited to reinstate at any time by paying all past-due interest, provided the rights of a third party have not intervened. The Legislature might have provided that the landowner would be entitled to reinstate his forfeited purchase, provided a third party had not filed in the office of the county clerk an application under the Mineral Permit Act. It did not see fit, however, to make such provision, but, in lieu thereof, conferred upon the landowner the absolute privilege of reinstatement, except where the rights of a third party had intervened, without in any manner defining the character of right which would be deemed sufficient to bar reinstatement. Such right, not being expressly defined, leaves the statute subject to construction by the courts. It is susceptible of two constructions: First, that the right contemplated as being sufficient was an imperfect and incomplete one, which would include the filing of an application in the office of the county clerk under the Mineral Permit Act; and, second, that it contemplated only such a vested right as was existent, valid, and enforceable at the time the landowner sought reinstatement.

The statute being subject to these two interpretations the question arises, Which one should prevail?

█ It is the settled rule to give a statute which seeks to relieve from forfeiture the most liberal interpretation of which its terms are fairly susceptible. Gulf Production Co. v. State (Tex. Civ. App.) 231 S. W. 124.

█ Again, it has been frequently determined by our courts that the utmost liberality should be used in construing statutes affecting the rights of settlers upon the public lands of this state.

█ When tested by the above rules, it must be held that the Legislature contemplated the landowner should not be deprived of the privilege of reinstatement, unless the intervening right of a third party should be a valid and enforceable one, and that an incomplete or imperfect right derived from the preliminary filing of an application for a mineral permit in the county clerk's office is insufficient to constitute the character of right contemplated. To interpret the statute in accordance with respondents' contention would be to give it the most narrow construction of which it is susceptible, which would plainly be contrary to the rules uniformly applicable to the construction of statutes of this nature.

In Cruzan v. Walker (Tex. Sup.) 26 S.W. (2d) 908, 909, Justice Greenwood, in discussing the character of intervening right deemed by the court to be sufficient to bar reinstatement, said:

"The words of the statute providing for reinstatement when no rights of third parties have intervened having been judicially defined by the Court of Civil Appeals, with the sanction of this court, in such manner as to defeat a reinstatement only when such rights are valid, existent, and legally enforceable when written request for reinstatement is made, the re-enactment of the statute without change in its words, in the revision of 1925, was a legislative adoption of the judicial definition of the terms of the statute. Cargill & Dennis v. Kountze Bros., 86 Tex. 400, 22 S. W. 1015, 25 S. W. 13, 24 L. R. A. 183, 40 Am. St. Rep. 853; Country Club v. State of Texas, 110 Tex. 49, 214 S. W. 296, 5 A. L. R. 1185."

It is true the above observation was not made under a state of facts similar to those here involved, but the court was discussing the character of right sufficient to bar the owner's privilege of reinstatement and the pronouncement is at least persuasive of its views on this question.

We recommend that respondents' motions for rehearing be overruled.