**Oscar B. McINNIS, Petitioner,**

**v.**

**STATE of Texas, Respondent.**

**No. B–8752.**

Supreme Court of Texas.

June 18, 1980.

Rehearing Denied July 30, 1980.

[redacted]

Jones & Lewis, John E. Lewis, McAllen, Jack C. Skaggs, Harlingen, for petitioner.

Andrew J. Shuval and Maury M. Hexamer, Austin, for respondent.

ON MOTION FOR REHEARING

STEAKLEY, Justice.

The State of Texas, acting through the Texas Prosecutors Coordinating Council, brought this suit under Art. 332d[1] to remove Oscar B. McInnis from the office of Criminal District Attorney of Hidalgo County. McInnis' motion to dismiss the suit was granted by the trial court. Upon appeal, the order was reversed by the Court of Civil Appeals and the cause was remanded for a trial on the merits. 586 S.W.2d 890.

Upon the application for writ by McInnis, we wrote by Per Curiam that Art. 5986 applies to this Art. 332d proceeding and precludes removal of McInnis from office for acts of misconduct that occurred before his reelection. Upon motion for rehearing by the State we withdrew the Per Curiam opinion and granted the application for writ. We now determine that the enactment of Art. 332d preempted the proceeding prescribed by Art. 5970, et seq., infra, including the application of Art. 5986, with respect to the removal from office of prosecuting attorneys.[2]

McInnis was elected Criminal District Attorney for a four-year term, beginning January 1, 1975, and ending December 31, 1978,

1. The references are to Tex.Rev.Civ.Stat.Ann. art. 332d.

2. We note that this Court in *In re Laughlin*, 153 Tex. 183, 265 S.W.2d 805 (1954), recognized that Art. 5986 does not apply to the office of district judges but nevertheless applied the spirit of Art. 5986 to a proceeding to remove a district judge. However, it was expressly stated that this applied only to "acts *not in themselves disqualifying* under the Constitution and laws of this State . . . ." *Id.* at 808. Here, there is a disqualification under Art. 332d, § 10(c).

and reelected for another term beginning January 1, 1979. On August 1, 1978, he was indicted by a federal grand jury for perjury and conspiracy to commit murder. This suit thereafter filed by the Council sought his removal from office for misconduct as defined in Art. 332d, § 10(b)(2). The removal petition alleged perjury, solicitation of murder, conspiracy to commit murder, violations of § 39.01 of the Penal Code, and willful conduct inconsistent with the performance of official duties. See Art. 332d, § 10(b)(2).

McInnis thereafter filed a motion to dismiss the State's petition by invoking Art. 5986 which provides that "No officer in this State shall be removed from office for any act he may have committed prior to his election to office." In response thereto, the trial court dismissed the cause with prejudice. It was stated in the order that "all claimed acts, behavior and conduct set out or alleged . . . occurred, according to the said pleadings of the State, prior to the election of Oscar B. McInnis to office for the term commencing January 1, 1979."

Upon appeal by the State, the Court of Civil Appeals ruled that Art. 5986 was applicable to the proceeding but that the statute did not preclude removal of McInnis from the office. The cause was remanded for trial under the "forgiveness" doctrine. See In re Bates, 555 S.W.2d 420 (Tex.1977); In re Carrillo, 542 S.W.2d 105 (Tex.1976); In re Brown, 512 S.W.2d 317 (Tex.1974) and In re Laughlin, 153 Tex. 183, 265 S.W.2d 805 (1954).

Art. 332d was enacted by the Legislature in 1977. See Tex.Rev.Civ.Stat.Ann. art. 332d. These several provisions are particularly pertinent:

Sec. 1. The Legislature of the State of Texas finds and declares that a uniform quality of prosecution will aid in improving the efficiency and effectiveness of the state's criminal justice system. The legislature recognizes that the prosecutor performs an executive function which has a significant effect on the judicial branch and on law enforcement. To this end, it is the purpose of this Act to provide a centralized agency capable of delivering technical assistance, educational services, and professional development training to the prosecutors of Texas and their assistants and to improve the administration of criminal justice through professionalization of the prosecuting attorney's office.

.      .      .      .      .

Section 3.

.      .      .      .      .

(3)(b) For purposes of this Act, "prosecuting attorney" means the person who holds the office of county attorney, district attorney, or criminal district attorney, and represents the State of Texas in criminal cases. . . .

.      .      .      .      .

Section 10. (a) A prosecuting attorney may be reprimanded, disqualified, or removed from office as hereinafter provided.

(b) For purposes of this Act:

(1) "incompetency" means:

(A) gross ignorance or neglect of official duty;

(B) physical or mental defect which prohibits the prompt or proper discharge of official duties; or

(C) failure to maintain the qualifications required by law for election to the office.

(2) "misconduct" means:

(A) any unlawful behavior defined in Chapter 39 of the Penal Code;

(B) any act which is a felony or a misdemeanor involving moral turpitude; or

(C) willful or persistent conduct which is clearly inconsistent with the proper performance of official duties.

(c) A prosecuting attorney is disqualified from performing the duties and functions or exercising the privileges of his office when a petition for removal from office has been filed against him as provided in this Act.

(d) A prosecuting attorney shall be suspended from office when:

(1) he has been disbarred or suspended from the practice of law in the State of Texas, whether through trial or upon agreement;

(2) he has been found guilty in a court of competent jurisdiction of any felony or any misdemeanor involving moral turpitude;

(3) a finding of incompetency or misconduct following a trial on the merits of a petition for removal.

(e) A prosecuting attorney shall be removed from office upon final adjudication or conviction for any cause of action which was the basis for his suspension.

.    .    .    .    .

(g)

(1) After investigation of a complaint of prosecutor incompetency or misconduct, the council may, in its discretion, issue a private reprimand, order a hearing to be held before the council, or request the Supreme Court to appoint a master to hold a hearing.

(2) The Supreme Court shall by rule provide for the procedure before the council and masters in hearings relating to the investigation of complaints of prosecuting attorney incompetency or misconduct, consistent with this Act and due process of law.

.    .    .    .    .
.    .    .    .    .

(h) Upon the appointment of a master, notice shall be given to the prosecuting attorney who is the subject of any complaint or investigation, specifying the matters under investigation and the complaint against him and setting a formal hearing for the first Monday next after the expiration of 10 days after the service thereof.

(i) After the conclusion of the hearing, the master shall file with the council a statement of his findings of fact, together with a complete transcript of all proceedings had in the cause. Such findings and transcripts shall be filed with the council not later than 30 days after the

date set for the hearing to commence. For good cause shown, the council may, in its discretion, extend the time for filing such findings and transcripts.

(j) All proceedings and records before the council or a master shall be confidential and privileged until such time as they are introduced in evidence in any proceeding for removal.

(k) If, after examining the records and proceedings before it, the council finds by majority vote of the council membership good cause therefor, it shall cause to be filed in the district court of the county in which the prosecuting attorney resides a petition for removal. Such petition shall be filed in the name of the State of Texas and docketed on the civil docket of the court. Such petition shall allege incompetency or misconduct, together with the facts which form the basis of the allegations. The trial on a petition for removal shall proceed in accordance with the Texas Rules of Civil Procedure and shall have priority on the docket of the court.

(l) When a petition for removal is filed pursuant to this section, the judge of the court in which it is filed shall request the appointment of a special judge who shall hear the case. Upon appointment, the special judge shall appoint an attorney to prosecute the case, such counsel to be selected from a list of not less than five qualified attorneys submitted by the council.[3]

Art. 5970, et seq., including Art. 5986, apply to "All district and county attorneys" and to all county officers. These prescribed procedures are materially different from those encompassed within Art. 332d governing the removal of prosecuting attorneys, who are defined as inclusive of county, criminal or district attorneys. The Art. 5970, et seq., proceeding, for example, may be initiated by a citizen of the State. An Art. 332d proceeding is initiated in the district court by the Council only after extensive investigation which may include a hearing by a master appointed by the Su-

3. All underscoring is added for emphasis.

preme Court. Section 10(e) requires the appointment of a special judge to hear the case, and the appointment of an attorney to prosecute the case. No such requirements attach to the Art. 5970, et seq., proceeding.

■ There is a direct repugnance between the provisions of the old and new statutes and they cannot be construed so as to give effect to both statutes with respect to the subject matter of the new statute, i. e., the removal of prosecuting attorneys from office. *Cf. Standard v. Sadler*, 383 S.W.2d 391 (Tex.1964). As written in *St. Louis S. W. Ry. Co. v. Kay*, 85 Tex. 558, 22 S.W. 665 (1893), it is not reasonable to suppose that while the new statute prescribed a new procedure better adjusted to the wrong which was sought to be repressed, the Legislature nevertheless intended for this limited class to remain subject to that which had formerly been prescribed.

■ A statute may be repealed expressly or by implication. Where a later enactment is intended to embrace all the law upon the subject with which it deals, it repeals all former laws relating to the same subject. *Gordon v. Lake*, 163 Tex. 392, 356 S.W.2d 138 (1962). Under this rule, a statute that covers the subject matter of a former law and is evidently intended as a substitute for it, although containing no express words to that effect, operates as a repeal of the former law to the extent that its provisions are revised and its field freshly covered. *See Motor Inv. Co. v. Hamlin*, 142 Tex. 486, 179 S.W.2d 278 (1944). It has been repeatedly recognized that a statute intended to prescribe the only rules governing a particular area of law repeals prior statutes which prescribe other rules in that same area of law. "So a subsequent statute, revising the subject matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must operate to repeal the former, to the extent to which its provisions are revised and supplied." *Bryan v. Sundburg*, 5 Tex. 418 at 423 (1849). *See also, Rogers v. Watrous*, 8 Tex. 62 (1852); *Tunstall v. Wormley*, 54 Tex. 476 (1881); *St. Louis S. W. Ry. Co. v. Kay, supra ; Motor Inv. Co. v. City of Hamlin, supra ; Bank of Atlanta v. Fretz*, 148 Tex. 551, 226 S.W.2d 843 (1950); *First Nat. Bank v. Lee County Cotton Oil Co.*, 274 S.W. 127 (Tex.Comm'n App.1925); *State v. Houston Oil Co. of Texas*, 194 S.W. 422 (Tex.Civ.App.1917, writ ref'd); *Meek v. Wheeler County*, 125 S.W.2d 331 (Tex.Civ.App.1939), aff'd, 135 Tex. 454, 144 S.W.2d 885 (1940); *Commercial Credit Co. v. American Mfg. Co.*, 155 S.W.2d 834 (Tex.Civ.App.1941, writ ref'd).

The judgment of the Court of Civil Appeals remanding this cause for trial on the merits is affirmed.

Dissenting opinion by McGEE, J., in which GREENHILL, C. J., and BARROW and CAMPBELL, JJ., join.

McGEE, Justice, dissenting.

The State of Texas, acting through the Prosecutors Coordinating Council, filed a petition to remove Oscar B. McInnis from his office of Criminal District Attorney. In 1978, while the removal suit was pending, McInnis was reelected for a second term. After his reelection, McInnis filed a motion to dismiss the removal suit. The motion to dismiss was based on article 5986, which provides, "No officer in this State shall be removed from office for any act he may have committed prior to his election to office." Tex.Rev.Civ.Stat.Ann. art. 5986 (Vernon 1962). The removal suit was dismissed, the dismissal order stating that "all claimed acts, behavior and conduct set out or alleged . . . occurred, according to the said pleadings of the State, prior to the election of Oscar B. McInnis to office for the term commencing January 1, 1979."

On appeal to the court of civil appeals, the State urged that article 5986 prevents an official's removal for misconduct only when there is a showing that the official's election constituted a public "forgiveness" of the alleged acts of misconduct. The court of civil appeals agreed, and held that because there had been no showing that the acts were "forgivable" or that the public was aware of them at the time of McInnis' reelection, the trial court's dismissal order

was erroneous. The State's removal suit was remanded for trial on the merits.

In our first opinion, which has now been withdrawn, this court stated that article 5986 prevents removal if the alleged acts of misconduct occurred before election. Because McInnis had established that all acts alleged had occurred before his reelection, dismissal of the proceedings against McInnis was held to be correct. We withdrew that opinion to consider the State's contention on motion for rehearing that article 5986 is inapplicable to these proceedings.

Article 5, Section 24 of the Texas Constitution provides that county officers may be removed by district judges for "incompetency, official misconduct, habitual drunkenness, or other causes defined by law . . . ." The cause for removal must be set forth in writing and determined by a jury trial. Tex.Const. Art. 5, § 24. The legislature has enacted article 5970 and other statutes to deal more specifically with removal of county officers. These removal statutes apply to district and county attorneys. See Tex. Rev.Civ.Stat.Ann. art. 5970 et seq. (Vernon 1962). Article 5986 prohibits removal for acts committed before election to office. It has been construed to bar removal of a reelected official for misconduct occurring during a prior term. See Reeves v. State, 114 Tex. 296, 267 S.W. 666, 669 (1925). In 1977, the legislature enacted article 332d, creating the Texas Prosecutors Coordinating Council. See Tex.Rev.Civ.Stat.Ann. art. 332d (Vernon Supp.1980) Section 10 of article 332d deals with reprimand, disqualification, and removal from office of prosecuting attorneys. The relevant subsections provide:

"(d) A prosecuting attorney shall be suspended from office when:

"(1) he has been disbarred or suspended from the practice of law in the State of Texas, whether through trial or upon agreement;

"(2) he has been found guilty in a court of competent jurisdiction of any felony or any misdemeanor involving moral turpitude;

"(3) a finding of incompetency or misconduct following a trial on the merits of a petition for removal.

"(e) A prosecuting attorney shall be removed from office upon final adjudication or conviction for any cause of action which was the basis for his suspension."

Id. § 10. The procedure as well as the grounds for disciplinary proceedings is set out in the statute. Like removal under article 5970, removal of prosecutors under article 332d requires a trial on the merits before a district judge. The removal provisions of article 332d contain no provision similar to article 5986. Article 332d is silent on whether a prosecuting attorney may be removed for acts committed before election.

In its motion for rehearing in this court, the State's primary contention is that article 5986 does not apply to this removal suit because it was brought under article 332d, and not under article 5970. According to the State, article 332d is a comprehensive plan, under which the Prosecutors Coordinating Council is empowered to remove prosecuting attorneys, and impliedly repeals article 5986 with respect to these removal proceedings. I cannot agree because I am unable to find any expression of legislative intent that article 332d repeals article 5986 and because I do not find that article 332d operates as a complete replacement of existing law dealing with removal of prosecuting attorneys.

I note that article 332d has no provisions of repeal of existing law, and begin with the principle that " 'all statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it. They are therefore to be construed in connection and in harmony with the existing law . . . and their meaning and effect is to be determined in connection, not only with the common law and the constitution, but also with reference to other statutes and the decisions of the courts.' " McBride v. Clayton, 140 Tex. 71, 166 S.W.2d 125, 128 (1942). A new statute "should be so construed that its

operation will harmonize with existing laws, unless a contrary intention is clearly manifested by its provisions." *Freels v. Walker*, 120 Tex. 291, 26 S.W.2d 627, 630 (1930), *on rehearing*, 35 S.W.2d 408 (1931). Accordingly, article 5986 continues in effect, barring removal of district attorneys for acts committed before election, unless it is shown that the legislature intended otherwise when it enacted article 332d or that the necessary effect of article 332d is to repeal article 5986.

Whether, in the absence of specific and express repeal, an existing statute continues to be applicable after the enactment of a new statute dealing with the same subject was discussed in *Gordon v. Lake*, 163 Tex. 392, 356 S.W.2d 138 (1962). This court stated, "Repeals by implication are not favored . . . and laws relating to the same subject should be considered as though incorporated in the same act. If they can be harmonized and effect given to each when so considered, there is no repeal by implication." *Id.* at 139. "If the later statute reasonably admits of a construction which will allow effect to the older law and still leave an ample field for its own operation, a total repugnance cannot be said to exist, and therefore an implied repeal does not result, since in such case both may stand and perform a distinct office." *Cole v. State*, 106 Tex. 472, 170 S.W. 1036, 1037 (1914). *See Flowers v. Pecos River Ry. Co.*, 138 Tex. 18, 156 S.W.2d 260, 263 (1941); *General Elevator Corp. v. Champion Papers*, 590 S.W.2d 763, 764 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n. r. e.). When there is no inconsistency between the earlier and later laws, repeal by implication occurs only if a later enactment "embrace[s] all the law upon the subject with which it deals" and is clearly intended as a complete replacement for former law. *Motor Investment Co. v. City of Hamlin*, 142 Tex. 486, 179 S.W.2d 278 (1944).

Applying these rules of construction, I would hold that article 332d was not intended to repeal article 5986. While I agree with the State that article 332d provides a comprehensive plan for regulating the conduct of prosecuting attorneys, I cannot ignore the fact that article 332d contains no provisions expressing an intent to repeal existing statutes. The presumption against an implied repeal of article 5986 is not outweighed by either the language of article 332d or evidence of legislative intent. Article 5986 and article 332d are easily harmonized. The removal provisions of article 332d define the nature of misconduct that constitutes grounds for removal, but are silent on when the misconduct must occur. Therefore, the application of article 5986, prohibiting removal for acts committed before election, is not inconsistent with article 332d. Nor is the application of article 5986 to article 332d removal proceedings inconsistent with the expressed legislative purpose in enacting article 332d. Article 332d creates the Prosecutors Coordinating Council as a "centralized agency" and seeks "to improve the administration of criminal justice through professionalization of the prosecuting attorney's office." Tex.Rev.Civ. Stat.Ann. art. 332d, § 1 (Vernon Supp.1980). The Council is authorized to initiate and pursue disciplinary proceedings. Applying article 5986 to such proceedings gives effect to a legislative policy that seeks to protect the people's right to choose, through the election process, the public officers they feel will best serve them. To this end, the legislature enacted article 5986, which limits the authority of a district judge to remove county officials by absolutely prohibiting removal for acts occurring before the official's election.

This case is distinguishable from cases holding that a subsequent enactment is a complete substitute for a prior scheme dealing with the same subject. In many cases, the courts have noted the inclusion of a general repeal clause in the later enactment. Such a clause "evinces that the Legislature had in mind that something was to be repealed," and "the courts will be less inclined against recognizing repugnancy in applying such statutes." *Commercial Credit Co. v. American Manufacturing Co.*, 155 S.W.2d 834, 839 (Tex.Civ.App.—Fort Worth 1941, writ ref'd); *see Motor Investment Co. v. City of Hamlin, supra* 179 S.W.2d at 281;

*First National Bank v. Lee County Cotton Oil Co.*, 274 S.W. 127, 131 (Tex.Comm'n App.—1925, judgment adopted); *State v. Dancer*, 391 S.W.2d 504, 509 (Tex.Civ.App. —Corpus Christi 1965, writ ref'd n. r. e.). Other cases have found implied repeal of existing law as a necessary effect because of unwarranted cumulative duties or penalties that would result if the prior law remained effective. *See St. Louis S. W. Ry. Co. v. Kay*, 85 Tex. 558, 22 S.W. 665, 666 (1893); *Commercial Credit Co. v. American Manufacturing Co.*, 155 S.W.2d 834, supra at 839.

I would be compelled to hold, therefore, that article 5986 continues to be applicable to proceedings to remove district attorneys for misconduct, even when those proceedings are brought under article 332d.[1] I would also hold that the court of civil appeals incorrectly held that article 5986 is limited by the requirement that the acts of misconduct must be known to the public at the time of reelection. The rule applied by the court of civil appeals is a judicial doctrine known as the "forgiveness doctrine." It was recognized in several Texas cases dealing with removal of district judges in constitutionally authorized proceedings to which article 5986 does not apply. In the absence of a statutory guideline such as article 5986, the "forgiveness doctrine" is similar to article 5986 but is limited by the requirements that the misconduct be "forgiveable" and that the public was aware of the misconduct at the time of the election. *See In re Laughlin*, 153 Tex. 183, 265 S.W.2d 805, 808 (1954); *Matter of Bates*, 555 S.W.2d 420 (Tex.1977); *Matter of Carrillo*, 542 S.W.2d 105 (Tex.1976); *In re Brown*, 512 S.W.2d 317 (Tex.1974).

Unlike the cases to remove district judges, this case is a statutory removal proceeding to which article 5986 applies. On its face, article 5986 does not contain the limitations of the judicial "forgiveness doctrine," such as the requirement of public knowledge. Although the public interest

might be better served by the addition of the "forgiveness" principles to article 5986, amendment of the statute is the function of the legislature and not the judiciary. A recent court of civil appeals' decision, in a suit to remove a county attorney under article .5970, held that article 5986 must be applied according to its express language. Thus, the county attorney could not be removed for alleged acts of misconduct committed before his reelection. *State v. Knorpp*, 575 S.W.2d 401 (Tex.Civ.App.— Amarillo 1978, writ ref'd n. r. e.). The fact that the removal proceedings against McInnis were brought by the Prosecutors Coordinating Council under article 332d does not compel a different result, article 5986 being applicable in both cases.

I would conclude that the trial court properly dismissed the suit to remove McInnis.

GREENHILL, C. J., and BARROW and CAMPBELL, JJ., join in this dissent.

---

1. The applicability of article 5986 to removal proceedings for preelection acts resulting in disbarment would present a different question. Failure to maintain the qualifications for office

may also be grounds for removal of a district attorney. *See Phagan v. State*, 510 S.W.2d 655 (Tex.Civ.App.—Fort Worth 1974, writ ref'd n. r. e.).