

RCQ-424

# The Attorney General of Texas

September 25, 1985

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
3/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Ray Farabee
Chairman
State Affairs Committee
Texas State Senate
P. O. Box 12068, Capitol Station
Austin, Texas    78711

Opinion No. JM-356

Re:  Whether Senate Bill No. 32,
Acts 1985, 69th Legislature, re-
pealed article 4590-4, V.T.C.S.,
which relates to the removal of
corneal tissue from a decedent

Dear Senator Farabee:

You ask whether Senate Bill No. 32, Acts 1985, 69th Leg., ch. 789
at 5699, which is to be codified as article 4590-6, V.T.C.S., would
impliedly repeal article 4590-4, V.T.C.S.  Senate Bill No. 32 deals
with removal of human organs and tissue.  Article 4590-4 deals with
removal of corneal tissue.

Generally, human organs and tissue may be removed for research or
transplant only with the consent of the decedent's family or the prior
consent of the decedent.  See V.T.C.S. art. 4590-4.  In 1977 the
legislature enacted a statute that allows justices of the peace and
medical examiners to permit the removal of a dead person's corneal
tissue without consent under the following conditions:  (1) the
decedent died under circumstances requiring an inquest by the justice
of the peace or the medical examiner; (2) the justice of the peace or
medical examiner knows of no objection by specified family members;
and (3) the removal will not interfere with the investigation or
autopsy nor alter the post-mortem facial appearance.  V.T.C.S. art.
4590-4.

Senate Bill No. 32 allows a medical examiner to authorize the
removal of various human organs, including eyes, under similar
circumstances.  Although article 4590-4 and Senate Bill No. 32 are
similar in structure and content, the procedures set out in Senate
Bill No. 32 are more restrictive than those in article 4590-4 in
several ways.  Senate Bill No. 32 allows only medical examiners, not
justices of the peace, to permit removal of organs.  Also, under
Senate Bill No. 32, the medical examiner must obtain consent to remove
non-visceral organs, including eyes, within the first four hours after
death and after that he may remove organs without consent only upon
"determining that no reasonable likelihood exists that [certain
specified family members] can be identified and contacted."  Article

4590-4 has no comparable requirement. Article 4590-4 is more restrictive than Senate Bill No. 32 in that Senate Bill No. 32 contains no requirement that removal of tissue not alter post-mortem facial appearance. Thus, article 4590-4, unlike Senate Bill No. 32, does not permit removal of the entire eye from the socket.

Statutes may be repealed expressly or by implication. Repeals by implication are not favored and two statutes on the same subject should both be given effect if possible. Gordon v. Lake, 356 S.W.2d 138, 139 (Tex. 1962). Also, a general law does not ordinarily repeal a specific law by implication. Rather, the special law is construed as an exception to the general law. See Flowers v. Pecos River Railroad Co., 156 S.W.2d 260, 263-64 (Tex. 1941). These rules of construction support the conclusion that a statute governing removal of corneal tissue and a later statute governing removal of human tissue and organs generally should both be given effect.

Another well established rule of construction, however, is that an enactment intended to embrace all the law on a certain subject repeals all former laws on that subject. McInnis v. State, 603 S.W.2d 179 (Tex. 1980). It has been suggested that this rule supports the conclusion that Senate Bill No. 32 impliedly repealed article 4590-4 because Senate Bill No. 32 was intended to embrace all law on the subject of removal of human tissue and organs without the consent of the decedent or his family. The legislative history of Senate Bill No. 32 shows, however, that the premise of that argument -- that Senate Bill No. 32 was intended to embrace all the law on the subject -- is incorrect.

The bill analysis to Senate Bill No. 32 pointed to the success of article 4590-4 in meeting the demand for corneal tissue in Texas and stated that Senate Bill No. 32 would "expand" current statutes and allow "removal of other organs and tissues under well-controlled circumstances." We think the comments in the bill analysis are evidence that the legislature intended Senate Bill No. 32 to be cumulative of article 4590-4.

Even more convincing is that a bill was introduced in the same legislative session in which Senate Bill No. 32 was enacted that would have amended article 4590-4 to change the procedure for obtaining consent to remove corneal tissue. S.B. No. 1219, Acts 1985, 69th Leg. That bill was passed in the Senate on April 18. Senate Bill No. 32 was passed in the Senate on the same day. Transcript, Senate Session, April 18, 1985. Senate Bill No. 1219 was referred to in a Senate discussion of Senate Bill No. 32 on that day. Thus, we think it is clear that the Senate was aware of the existence of each bill when it passed the other and that it intended the subject matter of article 4590-4 to be contained in a statute separate from Senate Bill No. 32.

Although Senate Bill No. 1219 was never considered by the entire House, at least the members of the committee on Public Health, which considered it, were aware of the existence of both bills. The legislature did not intend for Senate Bill No. 32 to embrace the entire subject of removal of human organs and tissue without consent. Thus, even under McInnis, Senate Bill No. 32 did not impliedly repeal article 4590-4.

## S U M M A R Y

Senate Bill No. 32, Acts 1985, 69th Leg., which is to be codified as article 4590-6, V.T.C.S., did not impliedly repeal article 4590-4, V.T.C.S.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk