Honorable Ray Farabee Chairman State Affairs Committee Texas State Senate P.O. Box 12068, Capitol Station Austin, Texas 78711
Re: Whether Senate Bill No. 32, Acts 1985, 69th Legislature, repealed article 4590-4, V.T.C.S., which relates to the removal of corneal tissue from a decedent
Dear Senator Farabee:
You ask whether Senate Bill No. 32, Acts 1985, 69th Leg., ch. 789 at 5699, which is to be codified as article 4590-6, V.T.C.S., would impliedly repeal article 4590-4, V.T.C.S. Senate Bill No. 32 deals with removal of human organs and tissue. Article 4590-4 deals with removal of corneal tissue.
Generally, human organs and tissue may be removed for research or transplant only with the consent of the decedent's family or the prior consent of the decedent. See V.T.C.S. art. 4590-4. In 1977 the legislature enacted a statute that allows justices of the peace and medical examiners to permit the removal of a dead person's corneal tissue without consent under the following conditions: (1) the decedent died under circumstances requiring an inquest by the justice of the peace or the medical examiner; (2) the justice of the peace or medical examiner knows of no objection by specified family members; and (3) the removal will not interfere with the investigation or autopsy nor alter the post-mortem facial appearance. V.T.C.S. art. 4590-4.
Senate Bill No. 32 allows a medical examiner to authorize the removal of various human organs, including eyes, under similar circumstances. Although article 4590-4 and Senate Bill No. 32 are similar in structure and content, the procedures set out in Senate Bill No. 32 are more restrictive than those in article 4590-4 in several ways. Senate Bill No. 32 allows only medical examiners, not justices of the peace, to permit removal of organs. Also, under Senate Bill No. 32, the medical examiner must obtain consent to remove non-visceral organs, including eyes, within the first four hours after death and after that he may remove organs without consent only upon "determining that no reasonable likelihood exists that [certain specified family members] can be identified and contacted." Article 4590-4 has no comparable requirement. Article 4590-4 is more restrictive than Senate Bill No. 32 in that Senate Bill No. 32 contains no requirement that removal of tissue not alter post-mortem facial appearance. Thus, article 4590-4, unlike Senate Bill No. 32, does not permit removal of the entire eye from the socket.
Statutes may be repealed expressly or by implication. Repeals by implication are not favored and two statutes on the same subject should both be given effect if possible. Gordon v. Lake,356 S.W.2d 138, 139 (Tex. 1962). Also, a general law does not ordinarily repeal a specific law by implication. Rather, the special law is construed as an exception to the general law. See Flowers v. Pecos River Railroad Co., 156 S.W.2d 260, 263-64 (Tex. 1941). These rules of construction support the conclusion that a statute governing removal of corneal tissue and a later statute governing removal of human tissue and organs generally should both be given effect.
Another well established rule of construction, however, is that an enactment intended to embrace all the law on a certain subject repeals all former laws on that subject. McInnis v. State,603 S.W.2d 179 (Tex. 1980). It has been suggested that this rule supports the conclusion that Senate Bill No. 32 impliedly repealed article 4590-4 because Senate Bill No. 32 was intended to embrace all law on the subject of removal of human tissue and organs without the consent of the decedent or his family. The legislative history of Senate Bill No. 32 shows, however, that the premise of that argument — that Senate Bill No. 32 was intended to embrace all the law on the subject — is incorrect.
The bill analysis to Senate Bill No. 32 pointed to the success of article 4590-4 in meeting the demand for corneal tissue in Texas and stated that Senate Bill No. 32 would "expand" current statutes and allow "removal of other organs and tissues under well-controlled circumstances." We think the comments in the bill analysis are evidence that the legislature intended Senate Bill No. 32 to be cumulative of article 4590-4.
Even more convincing is that a bill was introduced in the same legislative session in which Senate Bill No. 32 was enacted that would have amended article 4590-4 to change the procedure for obtaining consent to remove corneal tissue. S.B. No. 1219, Acts 1985, 69th Leg. That bill was passed in the Senate on April 18. Senate Bill No. 32 was passed in the Senate on the same day. Transcript, Senate Session, April 18, 1985. Senate Bill No. 1219 was referred to in a Senate discussion of Senate Bill No. 32 on that day. Thus, we think it is clear that the Senate was aware of the existence of each bill when it passed the other and that it intended the subject matter of article 4590-4 to be contained in a statute separate from Senate Bill No. 32.
Although Senate Bill No. 1219 was never considered by the entire House, at least the members of the committee on Public Health, which considered it, were aware of the existence of both bills. The legislature did not intend for Senate Bill No. 32 to embrace the entire subject of removal of human organs and tissue without consent. Thus, even under McInnis, Senate Bill No. 32 did not impliedly repeal article 4590-4.
 SUMMARY
Senate Bill No. 32, Acts 1985, 69th Leg., which is to be codified as article 4590-6, V.T.C.S., did not impliedly repeal article 4590-4, V.T.C.S.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Sarah Woelk Assistant Attorney General