

# The Attorney General of Texas

April 18, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1 Texas, Suite 700
Juston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Marvin J. Titzman
Executive Director
Texas Surplus Property Agency
P. O. Box 8120
San Antonio, Texas    78208

Opinion No. JM-479

Re:  Application of the State
Funds Reform Law to the Texas
Surplus Property Agency

Dear Mr. Titzman:

You have asked whether the funds of the Texas Surplus Property Agency collected as charges, fees, interest and returns from investments are subject to the State Funds Reform Act of 1981 (now chapter 4 of the Treasury Act, article 4393-1, V.T.C.S.).

The Texas Surplus Property Agency was created in 1971 by the enactment of article 6252-6b, V.T.C.S., to constitute the "designated" state agency for purposes of the Federal Property and Administrative Services Act of 1949, as amended, 40 U.S.C. 484(j). That federal statute authorizes the federal administrator of general services to donate property to the various states for redistribution to public agencies and educational or public health institutions or organizations. 40 U.S.C. 484(j)(2)(3). The federal law specifies that where the "designated" state agency is allowed by state law to collect service charges from recipients of donated property, the method of establishing the charges is to be set out in the state plan of operation submitted to the Administrator, but the federal statute does not specify what is to be done with the charges collected. Federal regulations provide guidelines for some uses, but they do not conflict with Texas law.  41 C.F.R. 101-44.202(c)(5).

There is no federal provision of which we are aware that prohibits the deposit of such funds in the state treasury. However, article 6252-6b, the Texas statute establishing the Surplus Property Agency, provides in subsections 4(l) and 4(m):

> (1) The agency may assess a service and handling charge or fee for the acquisition, warehousing, distribution, or transfer by the agency and, in the case of real property, such charges and fees shall be limited to the reasonable administrative costs of the agency incurred in effecting transfer. Receipts from such charges or fees are authorized to be

available as needed for the operation of the agency.

(m) The charges and fees shall be deposited in a Service Charge Trust Fund. _Such fund shall not be a part of the State Treasury or State's assets._ Excess moneys in the Fund above normal operation expenses and appropriate reserve may be invested in State or municipal bonds or in such financial institutions as have been approved by the State Treasurer. The interest or earnings accruing thereby shall likewise be an asset of the Service Charge Trust Fund and shall not be a part of the State Treasury or State's assets. If the Fund is used at any time for purposes other than authorized in this Act, by the State or any other agency or instrumentality thereof, such money shall accrue interest as if it were invested as provided above. (Emphasis added).

The State Funds Reform Act, article 4393-1, section 4.004(a), provides, generally, that

fees, fines, penalties, taxes, charges, gifts, grants, donations, and other funds collected or received by a state agency under law shall be deposited in the treasury, credited to a special fund or funds, and subject to appropriation only for the purposes for which they are otherwise authorized to be expended.

"State agency" is defined to include

a department, commission, board, office, institution, or other agency that is in the executive branch of state government, [that has authority] not limited to a geographical portion of the state, and that was created by the constitution or a statute of the state. . . .

Id. §4.002. The Texas Surplus Property Agency fits that description. See also Attorney General Opinion JM-445 (1986).

You suggest that the State Funds Reform Act does not apply to your agency, first, because rules of statutory construction specify that specific provisions control general ones and that repeals by implication are not favored; second, because "validating" acts are to be liberally construed; and, third, because the funds are held in trust for "participating donees."

Rules of statutory construction are now incorporated in chapter 311, subchapter C, of the Government Code (a non-substantive revision of the law) enacted in 1985.  See Acts 1985, 69th Leg., chs. 479, 480, at 3202, 3363.  Section 311.026 provides:

> (a)  If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.

> (b)  If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.  (Emphasis added).

In our opinion, the State Funds Reform Act manifests an intent that its general provisions prevail over any conflicting provisions of previously enacted specific provisions found elsewhere.  See McInnis v. State, 603 S.W.2d 179, 183 (Tex. 1980).

In language carried into the Treasury Act from the original State Funds Reform Act enactment (article 4393c, V.T.C.S., repealed), section 4.003(a) of the Treasury Act declares, "this chapter [the State Funds Reform Act] applies to a state agency only to the extent that it is not otherwise required to deposit funds in the treasury."  We believe this passage evidences a legislative intent to reach all funds in the hands of state agencies other than those the State Funds Reform Act itself excuses from compliance, regardless of contrary provisions that might be found in the enabling acts of the agencies.  To the extent that it conflicts with the State Funds Reform Act, the Texas Surplus Property Statute has been repealed.  Cf. Attorney General Opinion H-82 (1973) (amendatory and original acts).

In response to the "validating act" argument, if it be granted that the enactment of article 6252-6b, V.T.C.S., was an act "validating" previous legislative authorizations in the form of concurrent resolutions, see section 5 of article 6252-6b, and if it be granted that "validating" acts should be liberally construed, see Perkins v. State, 367 S.W.2d 140, 144-45 (Tex. 1963), it does not follow that acts "validated" cannot be repealed by later enactments, either expressly or by implication.  The legislature may exercise all legislative power not denied or prohibited to it by the constitution.  Perkins v. State, supra.

The State Funds Reform Act was abbreviated in some respects when it was transferred to the Treasury Act.  For example, the original act declared that five specific circumstances excused agencies from its

requirements although section 4.003(b) of the Treasury Act reflects only four of them. However, section 2 of the bill enacting the Treasury Act, after expressly repealing the original State Funds Reform Act, article 4393c, V.T.C.S., states, "any amendment, revision, or reenactment of any of these statutes by the Sixty-ninth Legislature is preserved and given effect as a part of this bill." Acts 1985, 69th Leg., ch. 240, at 2078, 2105.

The provision is significant because article 4393c was revised and amended by the Sixty-ninth Legislature and a sixth exclusionary circumstance was added. See Acts 1985, 69th Leg., ch. 479, §93, at 3202, 3328; Acts 1985, 69th Leg., ch. 485, §8, at 4102, 4110. As a consequence, all six State Funds Reform Act exclusions are to be given effect "as a part of" the Treasury Act. They make the the State Funds Reform Act inapplicable to:

> (1) funds pledged to the payment of bonds, notes, or other debts if the funds are not otherwise required to be deposited in the state treasury;

> (2) funds held in trust or escrow for the benefit of any person or entity other than a state agency;

> (3) funds set apart out of earnings derived from investment of funds held in trust for others, as administrative expenses of the trustee agency;

> (4) funds, grants, donations, and proceeds from funds, grants, and donations, given in trust to the Texas State Library and Archives Commission for the establishment and maintenance of regional historical resource depositories and libraries in accordance with Section 2A, Chapter 503, Acts of the 62nd Legislature, Regular Session, 1971, as amended (Article 5442b, Vernon's Texas Civil Statutes); or

> (5) the deposit of funds for state agencies subject to review under the Texas Sunset Act (Article 5429k, Vernon's Texas Civil Statutes) for 1981, which shall be determined by each agency's enabling statute; or

> (6) funds under the management of the secretary-treasurer of the Anatomical Board of the State of Texas, as provided by Article 4589, Revised Statutes.

You submit that the funds collected by the Texas Surplus Property Agency, and earnings thereon, are funds held in trust for the benefit of persons other than a state agency within the meaning of the second and third exceptions above. There is little in either the Texas statute or the federal act to support such an argument.

Unlike property donated by the federal government for distribution, the funds collected as service charges and handling fees by the Texas Surplus Property Agency are to be used "for the operation of the agency," not for distribution to recipients. V.T.C.S. 6252-6b, §4(1). The same is true of earnings realized from surplus fees and charges. Id. §4(m). In our opinion, the Service Charge Trust Fund established by subsection 4(m) is a trust for the benefit of a state agency, and not one for the benefit of other persons.

Inasmuch as we think none of the State Funds Reform Act exceptions apply, we advise that the funds of the Texas Surplus Property Agency collected as charges, fees, interest and returns from investments are subject to the State Funds Reform Act.

S U M M A R Y

The funds of the Texas Surplus Property Agency collected as charges, fees, interest and returns form investments are subject to the State Funds Reform Act.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Bruce Youngblood
Assistant Attorney General